**NEILL et al. v. JOHNSON, Sheriff. (No. 1879.)**

(Court of Civil Appeals of Texas. Amarillo. Oct. 12, 1921.)

l. Courts ⟨═⟩480(1)—Court, having jurisdiction of proceedings to forfeit automobile, could issue ancillary injunction against sequestration proceedings by claimant.

Suit was instituted in T. county under Dean Act, § 35, and Code Cr. Proc. 1911, arts. 368–376, to forfeit an automobile seized in the unlawful transportation of liquor, and claimants of the automobile under a chattel mortgage, when their claimants' oath and bond was refused, sued, in E. county, the sheriff of T. county and a resident of E. county, and sued out a writ of sequestration directed to the sheriff. The sheriff filed in T. county a petition for injunction against claimants. *Held*, the district court of T. county had jurisdiction of the injunction suit as an ancillary injunction, under

Rev. St. art. 1713, to enforce its jurisdiction against parties threatening its custody and its then authority over the property; for where an injunction is ancillary the suit is not a suit for injunction within the meaning of Rev. St. art. 4653, requiring that it be returned to the court issuing the process enjoined.

2. **Intoxicating liquors ⊕⇒251—Chattel mortgagees, claimants of seized automobile, by seeking foreclosure, waived right to seize and sell under mortgage, and therefore lost right to trial of claim.**

In proceedings to forfeit an automobile under the Dean Act, the trial court was not in error in refusing a mandamus against the sheriff requiring him to accept chattel mortgagee claimant's oath and bond, where the chattel mortgagees had applied to another court for a foreclosure of their mortgage, since by such application they abandoned the right under the power to seize and sell under the mortgage, and it was only by the right of possession given by the mortgage power to seize that they would be authorized to file a claimant's oath and bond and have a right to a trial of the right of property under the statute.

3. **Appeal and error ⊕⇒863—Courts ⊕⇒1—On appeal from injunction protecting trial court's custody of seized car until final hearing, questions of constitutionality of seizure not determined; "jurisdiction" defined.**

On appeal from ancillary injunction protecting, until final hearing, trial court's custody of automobile seized under the Dean Act, the question whether the automobile is such an instrumentality in transporting liquors as will authorize a condemnation under the act, and whether the act is constitutional, will not be passed upon as bearing on the jurisdiction of the court over the subject-matter, for jurisdiction is the power to hear and determine a cause, and that jurisdiction includes the power to pass upon these questions, the determination of which is properly reviewable on appeal from the final judgment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Jurisdiction.]

Appeal from District Court, Terry County; W. R. Spencer, Judge.

Suit by Wood E. Johnson, Sheriff, against George W. Neill and others, for injunction. From an order granting injunction, defendant's appeal. Affirmed.

Geo. W. Neill, of Brownfield, and Gold, Page & Kroeckel and Joseph McGill, all of El Paso, for appellants.

R. L. Graves, of Brownfield, for appellee.

HUFF, C. J. [1] This is an appeal from an order of the district judge of Terry county, granting a temporary injunction upon a hearing before him. The appellants' statement in their brief, acquiesced in by appellee, is that—

"On June 11, 1921, the sheriff seized said car, laden with intoxicating liquors, under a search warrant, issued the same day, said car being driven by a man named Sim Davis, who was arrested and charged with illegal transportation of such liquors, and who was a few days later released on bond. The liquors were also seized, and prior to the suit were destroyed by the sheriff. On June 13th the county attorney filed a civil suit in the district court, styled the State of Texas v. Sim Davis, No. 670, under chapter 3, title 6, and chapter 6A of the Code of Criminal Procedure, praying for an order to sell said automobile; that about July 5, 1921, appellants herein filed a claimant's oath and bond, claiming said car and producing a copy of the mortgage under which they claimed, all of which the sheriff refused, and on July 18th tendered herein a writ of sequestration issued out of the district court of El Paso county, which he also refused and sued out this injunction, at the hearing of which plaintiff introduced the search warrant proceedings and petition in said suit No. 670, and defendants introduced their claimant's oath and bond, certified copies of mortgage, affidavits of ownership, and writ of sequestration."

It will, we think, require a further statement of the proceedings: On June 11, 1921, the car, a Cadillac, was seized while in possession of one Sim Davis, laden with whisky. On the 13th day of June, 1921, the county attorney, in the name of the state of Texas, brought suit against Sim Davis, alleging therein that a complaint in writing was filed before the county judge of Terry county, charging an attempt to transport intoxicating liquors in the automobile, asking that a search warrant be issued as the law directs, for the purpose of seizing the instrumentalities so used. That the warrant was issued and the sheriff of the county seized 268 bottles of intoxicants, being illegally transported through Terry county, and in possession of Sim Davis, together with one Cadillac car, in which the liquors were being transported, alleging a description of the car and the value thereof, as well as that of the whisky, alleging that the suit was filed under chapter 6A, art. 11, of the Criminal Statutes and chapter 3 of title 6 of the Code of Criminal Procedure, and praying that it have judgment destroying the liquors and judgment for costs and attorneys and sheriff's commission, as provided by the law and for the sale of the automobile. After presenting a claimant's oath, July 5, 1921, the appellants, Walters and Durham, brought suit in the district court of El Paso county, July 9, 1921, against one James F. Webb, who it was alleged resided in El Paso county, and Wood E. Johnson, appellee, who resided in Terry county, and was sheriff of that county. It was alleged substantially that Walters and Durham sold the automobile to Webb, who executed his note therefor, and to secure payment of the note executed a mortgage on the car; that the car was then in Terry county. It was alleged that just prior to the filing of the suit Wood

E. Johnson, who is the sheriff of Terry county, came into possession of the car by reason of the fact that one Sim Davis, who was then driving the car, was transporting intoxicants therein, and that Johnson failed and refused to deliver the same to the plaintiffs. They pray for the foreclosure of their mortgage lien on the car, etc. In that proceeding appellant sued out a writ of sequestration, directed to the sheriff or any constable of Terry county. This writ the sheriff refused to execute, and thereupon filed a petition for injunction. In the petition therefor complaint is made of Walters and Durham, who are alleged to reside in El Paso county, and Geo. W. Neill, who resided in Terry county. It is alleged that plaintiff as sheriff seized the car in question under a search warrant while it was in possession of Sim Davis, in which was being transported intoxicating liquors through Terry county; that Walters and Durham claim to have an interest in the car, and that Neill is their representative, attorney and agent; that they had filed a suit in sequestration in El Paso county, endeavoring to take the car from the possession of plaintiff and out of the jurisdiction of the district court of Terry county; that the car was taken by plaintiff in virtue of an act of the Legislature known as the Dean Act, setting out a clause of the act relied upon; that there is pending in the district court of Terry county proceedings relative to intoxicating liquors and the car that will not be disposed of until the October term, 1921, of the district court; that the defendants are harassing and intimidating plaintiff and annoying him to the point of a nuisance, and interfering with him in the discharge of his duties as sheriff. He prays that the defendants show cause why they should not be enjoined from interfering with plaintiff's peaceful possession of said car, until a final disposition of same in the case then pending in the district court of Terry county. The judge indorsed his fiat on the petition, directing that the defendants appear and show cause why all parties during the pendency of the proceedings should not be restrained from in any manner interfering or molesting Wood E. Johnson in his possession of the car. All parties appeared before the judge August 1, 1921, and a hearing was then had in chambers, wherein the court entered the following order:

"This day came on to be heard the application of the plaintiff in this cause with writ of injunction as herein prayed for, and the plaintiff and defendants each and all appeared herein, and the court, having fully heard the pleadings and the evidence offered by the respective parties thereto, is of the opinion and finds that the automobile in question is held by the plaintiff herein, Wood E. Johnson, sheriff of Terry county, as such sheriff, by virtue of his having taken same into possession by a search warrant, issued under the prohibition law of this state, known as the Dean Act and that the same is being held by said officer to await the final termination and judgment to be rendered in said cause No. 670, the State of Texas v. Sim Davis, filed in the district court of Terry county, Tex., and now pending therein, and that said automobile by reason thereof is in custodia legis; that the rights of the defendant, if any, under the laws of this state, can and must be adjudicated in said cause No. 670, the State of Texas v. Sim Davis, and that said defendant should not be permitted to pursue the course contemplated by him and complained of by said officer, the plaintiff herein. It is therefore ordered by the court that the said defendents, Geo. W. Neill, Ira D. Walters, and Ernest P. Durham, and each of them, their attorneys, agents and servants be, and they are hereby, restrained and prohibited until this court shall make further orders herein from in any manner interfering with the plaintiff in the quiet and peaceable possession of the property herein."

Without setting out the assignments we believe we can dispose of this case upon the essential matters presented by the brief, and it is our view the injunction sought and granted in this case is ancillary to the suit originally filed by the state to condemn the property under the Dean Act, and under the procedure prescribed by the Code of Criminal Procedure. For the purpose of this opinion it will be sufficient to set out section 35 of the Act of the Thirty–Sixth Legislature, 1st and 2d Called Session, c. 78, p. 228:

"A search warrant may be issued under title 6 of the Code of Criminal Procedure of this state, for the purpose of searching for and seizing and destroying any intoxicating liquor possessed, sold or to be sold or transported, or to be transported, or manufactured in violation of this act, and for the purpose of searching for and seizing and destroying any containers, instrumentalities for manufacture or of transportation used or to be used in the unlawful possession, sale, manufacture or transportation of intoxicating liquors. * * * The application for the issuance and the execution of any such search warrant, and all proceedings relative thereto, shall conform as near as may be to the provisions of title 6 of the Code of Criminal Procedure of this state, except where otherwise provided in this act. In the event any such liquor or utensils, containers or instrumentalities herein referred to are found, the officers executing the warrant shall seize same. The liquor and articles so seized shall not be taken from the custody of officer by writ of replevin or other process, but shall be held by the officer to await the final judgment in the proceedings."

Title 6 of the Code of Criminal Procedure consists of four chapters relating to the issuance of search warrants. It is provided in the Third and Fourth chapters that condemnation proceedings may be had in the district court, condemning property seized under search warrants. It also provides

that the procedure shall be as in civil cases. By the law the sheriff, if the state prevails in such proceedings, is entitled to recover 10 per cent. and the county attorney 15 per cent. of the value of the property condemned. It is not deemed necessary by us here to note further the procedure in such suits. As we interpret the injunction proceedings, its purpose was to preserve the status quo of the subject-matter of the suit filed by the state in cause No. 670. It is therefore only a question of jurisdiction or venue to be determined on this appeal. Article 1713, R. C. S., authorizes the district court to issue injunctions to enforce its jurisdiction. The state having sought in the district court of Terry county to enforce its right therein by a suit filed under the statute, that court then had jurisdiction of the property which was then in its custody, under a writ duly issued, by virtue of which the car was seized and brought before the court for condemnation. In order to protect its jurisdiction that court could issue an injunction against the parties threatening its custody and its then authority over the property. This was not purely a suit by injunction, but the injunction was ancillary to the suit then pending, and appears to have been instituted to protect the jurisdiction of the district court of Terry county.

Where an injunction is ancillary, the suit is not a suit for injunction within the meaning of article 4653, R. C. S., requiring that it be returned to the court issuing the process enjoined. Railway Company v. Anderson County, 150 S. W. 239; Royal Amusement Co. v. Columbia Piano Co., 170 S. W. 278; McDade v. Vogel, 173 S. W. 506. We think where, as in this case, the sheriff by a writ has seized the property in the county of his residence and in discharge of his official duty, and by proceedings under the statutes of the state sought a court of competent jurisdiction to determine his and other officer's rights, that he may resort to injunctive procedure to prevent others by the process of a different court from interfering with the court of his residence in adjudicating the matter and compelling him to proceed in a county and before a court other than his residence. Long v. Knott, 203 S. W. 1127.

"It is a well-settled general rule that, when the jurisdiction of a court once attaches to the subject-matter of litigation, it becomes exclusive for all purposes necessary to the accomplishment of the object of the suit, and thereafter, while said suit is pending, the jurisdiction of other courts over said subject-matter cannot be called into exercise, even though they have general concurrent jurisdiction with the court in which the suit is pending. A strict enforcement of this rule is necessary to prevent conflicts between courts of concurrent jurisdiction, and it has been uniformly recognized and followed by the courts of this state." Worden v. Pruter, 40 Tex. Cr. R. 118, 88 S.

W. 434; City National Bank v. Merchants' National Bank, 7 Tex. Civ. App. 584, 27 S. W. 848.

The applicants here had no right by sequestration or claimant's bond and oath to take the car from the custody of the law in which it had been placed by the proceedings instituted by the state, and the court in which such proceedings were then pending could issue an injunction restraining appellant from interfering with such custody. Railway Co. v. Lewis, 81 Tex. 1, 16 S. W. 647, 26 Am. St. Rep. 776; Carothers v. Wilkerson, 2 Willson, Civ. Cas. Ct. App. §§ 353–355.

[2] The trial court was not in error in refusing a mandamus against the sheriff requiring him to accept claimant's oath and bond for the reasons above stated, and for the further reason when appellants applied to a court for a foreclosure of the mortgage they abandoned the right under the power to seize and sell under the mortgage. It was only by the right of possession given by the power in the mortgage to seize that would authorize the mortgagee to file a claimant's oath and bond and to a trial of the rights of the property under the statute. This right he could waive. A suit in court to foreclose and for a writ of sequestration was a waiver of the right to seize under the powers of the mortgage by the mortgagees. Such suit was an abandonment of the trial of the right of property under the statute. The appellants could not pursue both remedies. Moore v. Gammel, 13 Tex. 120; Cameron v. Hinton, 92 Tex. 492, 49 S. W. 1047.

[3] In this case the appellants assert that a car used in conveying intoxicating liquors is not such instrumentality in transportation thereof as will authorize a seizure or condemnation within the meaning of the Dean Act. That if it is so included the law is in violation of the Constitution of the state (sections 17, 19, art. 1, Bill of Rights), and for that reason the court below had no jurisdiction of the subject-matter, and was in error in holding the car subject to the determination of cause No. 670. Jurisdiction is the power to hear and determine a cause. Clearly the district court of Terry county had the power to hear and determine whether the state of Texas had under the act in question any right in and to the car. It may, upon hearing of the cause, determine the case and the questions there involved.

"The test of jurisdiction is whether the court has power to enter upon the inquiry, and not whether its determination is correct." Railway Co. v. Lunn, 141 S. W. 538 (7).

"If the law confers the power to render a judgment or decree, then the court has jurisdiction. * * * If the court can act on any one subject of the petition, any matter on which the plaintiff asks its interposition, it must be retained; so that the true inquiry is not as to

the extent, but the existence of, any jurisdiction." Banton v. Wilson, 4 Tex. 400.

"Ordinarily the jurisdiction of a court over both subject-matter and parties, once fully attached in a cause, continues until all issues both of fact and of law have been finally determined." Railway Co. v. Muse, 109 Tex. 352, 207 S. W. 897, 4 A. L. R. 613.

The trial court had jurisdiction of the subject-matter and parties, and to protect that jurisdiction in cause No. 670 issued the injunction. In granting the injunction it did not finally determine the facts or law in the suit instituted for that purpose, but only decreed that in the ancillary proceedings that the custody of the court by such suit should not be disturbed until the final determination of cause No. 670. Hence, as we understand on this appeal, we cannot properly determine the question involved in that suit. That court can determine under its jurisdiction if the state can seize the car and condemn it, as sought under the Dean Act, and whether or not it is an instrumentality, such as defined in that act, and whether the law is constitutional. We can only review the judgment of the trial court when it has passed on those questions. The judgment in this case conclusively shows the court did not pass on those questions, but only restrained any interference with its custody until the issue could be finally determined. The question presented as to the act in question, its constitutionality and its effect on the owner of the property used without his consent, are very important as well as difficult questions, and may be of great public interest. We would not feel justified in reviewing those questions until the trial court had fully developed and passed on them. We would require a most careful examination and analysis of the law and the authorities, assisted by briefs upon a full consideration of the questions. Temporary proceedings, such as this, we do not think answer the requirements. We do not pass on the effect of the act, the constitutional question, or the rights of third parties. We simply hold the court had the power to restrain an interference with the trial court's custody by an injunction, and in aid of its jurisdiction.

The judgment will therefore be affirmed.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes