## W. W. WALKER v. WM. McMASTER ET AL.

JURISDICTION.—B recovered against C, in 1873, a judgment in the District Court for $121.50. In 1875, an execution was issued on the judgment, and levied on C's land, who brought suit by injunction to enjoin the sheriff from proceeding, on the ground that the judgment was illegal and void, because the judge presiding was not in fact at the time a judge. In November, 1876, the judge dissolved the injunc-

tion, and rendered judgment against C and his sureties on the injunction bond for $146.50, and costs, from which judgment C appealed. On a motion filed by B to dismiss the appeal for want of jurisdiction in the District Court: *Held*—

1. That the District Court had control over the final process issued from it to execute its judgment.

2. Though the injunction was issued in a separate suit, docketed, and tried as a distinct suit, it was in its nature an incident to the suit in which the judgment was rendered, on which the supposed illegal process issued.

3. The District Court had at the time jurisdiction to render judgment in the first suit on which the process issued; and the amount involved in a subsequent and incidental proceeding, to correct the irregularity, abuse, or illegality of the final process issued upon it, is immaterial; and the fact of its being less than five hundred dollars cannot defeat the jurisdiction.

Appeal from Red River. Tried below before the Hon. Reuben R. Gaines.

[No briefs on file for appellant.]

*James H. Clark,* for appellee, filed the motion to dismiss.

Roberts, Chief Justice.—This is a motion to dismiss this appeal, by the appellee, because the judgment rendered and appealed from is only $146.51, and, as alleged in the motion, "the record shows no excuse or reason why the court should not have transferred the case to the court of proper jurisdiction."

The proper court, if reference be had to the amount alone, would have been the court of the justice of the peace, under the present Constitution, and the laws made in pursuance thereof.

We do not, however, consider that the proper criterion in this case.

There was a judgment for $121.50, rendered in the District Court in 1873, when that court had jurisdiction of cases of that amount; and afterwards, in 1875, an execution was issued upon said judgment, which was levied upon a tract of

land as the property of the defendant in the execution, who is the plaintiff in this suit.

In 1875, the present plaintiff, who is the appellant, brought this suit to enjoin the defendant, McMaster, and the sheriff, from proceeding with the said execution, on the ground that the judgment was illegal and void, because the judge presiding at the time of its rendition was not in fact a judge of the District Court in that or in any other judicial district of the State.

Upon the trial of this case, in November, 1876, which was after the present Constitution was in force defining the jurisdiction of the respective courts, in reference to suits brought and to be brought, the District Court dissolved the injunction, and upon a hearing thereof, on trial, rendered a judgment against said plaintiff Walker, and his sureties on the injunction bond, for $146.51, and costs of suits, which is the judgment appealed from by Walker in this case, and to which the motion refers, as not being within the jurisdiction of the District Court at the time of its rendition, on account of the amount for which it was then rendered.

If that motion should prevail for that reason, it would require this court to reverse the judgment of the District Court, and remand it, to be transferred to the court of the justice of the peace, to hear and determine the merits involved in this suit, which is the validity of the execution issued by the District Court, upon a judgment rendered by the District Court, at a time when the amount for which it was rendered was in and of itself no ground of objection to its jurisdiction,—that not even yet being the criterion by which its jurisdiction in any case is to be determined.

The answer to this motion, is that the District Court, as well as all other courts, of whatever grade, has control of the final process issued from it to execute its judgments. It has long grown into practice in the District Court, and other courts of record, to use the writ of injunction to arrest the execution of· final process that has been illegally issued.

Though the injunction may be issued in a separate suit, docketed, and tried as a distinct suit, it is in its nature an incident to the suit in which the judgment was rendered, upon which such supposed illegal process was issued. If the District Court had jurisdiction to render the judgment on which the process issued, then the amount involved in the incidental suit, instituted to correct the irregularity, abuse, or illegality of the final process issued upon it, is immaterial; and if less than five hundred dollars, does not, by being less, defeat the jurisdiction of the District Court.

This motion, therefore, upon the ground therein stated, cannot be sustained, and is overruled.

OVERRULED.