SOUTHWESTERN INVESTMENT COMPANY V. O. W. CRAWFORD ET AL.

Delivered June 26, 1897.

**Receivership—Prior Attachment of Land—Sale.**

The court appointing a receiver of the property of a corporation may properly refuse to permit a foreclosure sale under an attachment levied before the receiver was appointed, where there is a mortgage lien on the attached property prior to the attachment.

APPEAL from Tarrant. Tried below before Hon. IRBY DUNKLIN.

*Bomar & Bomar,* for appellant.

*S. B. Cantey, R. M. Wynne,* and *W. N. Maben,* for appellees.

TARLTON, CHIEF JUSTICE.—In this case the appellees obtained the appointment of a receiver of the property of a corporation, the Clark & Plumb Company. The appellant, having sued that corporation in an-

other court than that in which the receivership was procured, and having levied an attachment upon the real estate of the corporation before the appointment of the receiver, intervened in the receivership proceeding, praying that the court permit a foreclosure sale, in accordance with a decree which in the meanwhile had been ordered by the attaching court.

The matters in controversy between the appellant, the receiver, and the remaining parties were referred to a special master in chancery. Under the direction of the court, that officer reported conclusions both of fact and law, which are found in the record, and on which the court refused the relief sought. The conclusions of fact, adopted by the trial court and not here complained of, are also adopted by us. The master recommended that the prayer of the intervener be denied, finding that one H. J. Scott had title superior to the appellant's attachment to all the land of the Clark & Plumb Company to which the appellant asserted its claim. This conclusion is nowhere specifically complained of. The master also found that the mortgage or lien on which Scott's title rests was prior to the intervener's attachment; and this conclusion is undisputed.

The pleadings in this case disclose a controversy between the plaintiffs and the defendants in the receivership suit. They do not permit us to regard the proceedings as exclusively an endeavor on the part of the appellees, who were stockholders, to secure the appointment of a receiver on the sole ground of the insolvency of the corporation. Land Co. v. Bindle, 5 Texas Civ. App., 18. Facts are alleged which, if true, indicate that the property of the insolvent corporation was about to be sacrificed by unjust and fictitious suits, to the detriment of the plaintiffs. We are unable to infer from the record that the allegations were wholly unfounded.

Conceding the validity of the receivership, the conclusion of the master in chancery, that the intervener could obtain no title to the lands of the corporation, because the ownership thereof was vested in H. J. Scott, is seemingly acquiesced in by the appellant, though we will not be understood as passing upon the correctness of that conclusion. Hence, in view of such acquiescence, the assignments and propositions presented in appellant's brief become practically abstractions, for if error was committed, it had no interest in the property which could be affected thereby.

Again, if the appellant, prior to the appointment of the receiver, had fixed an attachment lien valid as to all parties, we are bound by the ruling of our Supreme Court and of this court to hold that it was within the jurisdiction of the court appointing the receiver to refuse the prayer of the appellant for the sale of the land through the medium and at the juncture designated by it. Ellis v. Water Co., 86 Texas, 114; Cushing v. Evans, 31 S. W. Rep., 703. The question whether that jurisdiction has been discreetly exercised is within the revisory power of this court, but it is not made to appear that the discretion in this instance was abused. Indeed, the attachment levy was entirely subordinate to the mortgage on which Scott's claim is founded. The appellant fails to show that the

land was of greater value than would suffice to discharge the prior mortgage.

The record discloses no injury sustained by the appellant, and no ground for complaint on its part. The judgment is affirmed.

*Affirmed.*

Writ of error refused.