## COMMERCIAL TELEPHONE COMPANY v. TERRITORIAL BANK AND TRUST COMPANY.

Decided February 1, 1905.

#### 1.—Corporation—Receiver—Venue.

Revised Statutes, art. 1488, providing for the venue in an action for appointment of a receiver of a corporation which has been dissolved or is insolvent or has forfeited its corporate rights, does not apply to an action for the appointment of a receiver to take charge of mortgaged property during the pendency of a suit to foreclose; and such appointment may be made in a suit brought in a county in which a part of the mortgaged property is situated, though the principal office of the defendant corporation is in another county.

#### 2.—Foreign Corporation—Trust Company—Permit to do Business.

Though a trust company incorporated in another State may sue to foreclose a mortgage on property in Texas purchased by it in such other State, or to recover land bought by it, without obtaining permit to do business in the State, a trust company can not assume in this State the position of an active trustee for the holders of securities, empowered to do certain things for their benefit and to receive a compensation therefor, without obtaining the permit to do business.

**3.—Cases Distinguished.**

Security Co. v. Panhandle National Bank, 93 Texas, 575; Lakeview Land Co. v. San Antonio Traction Co., 95 Texas, 252; Eskridge v. Louisville Trust Co., 69 S. W. Rep., 987, distinguished from the present case.

**4.—Foreign Trust Company—Right to Sue.**

A trust company incorporated in another State and authorized by the terms of the deed of trust to maintain suit for its foreclosure, may bring such action for the benefit of the bondholders whom it represents without obtaining permit to do business in the State, though the terms of the trust deed imposed upon it duties, not sought to be exercised in such suit, which it could not discharge without obtaining permission to do business within the State.

Appeal from the District Court of Travis County. Tried below before Hon. V. L. Brooks.

*D. A. McFall* and *Denman, Franklin & McGown,* for appellant.— A corporation organized under the laws of the State of Texas, whose property lies within the State or partly within the State, is entitled to have an action for a receiver for its property brought in the county where its principal office or place of business is located upon pleading its privilege at the proper time to have such action so brought. Rev. Stats., art. 1488; Bonner v. Hearne, 75 Texas, 242; Wills Point M. Co. v. Plow Co., 31 Texas Civ. App., 94.

A foreign corporation desiring to do business in Texas must take out a permit from the office of the Secretary of State and failing to do this it has no right to come into the courts of this State to enforce a demand arising in contract or tort, and the entering into a contract between a foreign corporation and a Texas corporation under which the former agrees to the carrying out of an active trust with reference to the latter's business, constitutes transacting business within the meaning of the statute. Rev. Stats., arts. 745, 746, 747; Security Co. v. National Bank, 93 Texas, 578; Farmers' Loan & T. Co. v. Street Ry. Co., 173 Ill., 449; Pennsylvania Co. v. Bauerle, 143 Ill., 459.

*Boynton & Boynton* and *Newton & Ward,* for appellee.—Section 13 of the Act of April 2, 1887, now being article 1488, Revised Statutes, 1895, relates to suits in which a corporation as such is the subject-matter to be disposed of, and the appointment of a receiver is prayed for; and does not apply to a suit for the foreclosure of a lien on property belonging to a corporation where the corporate existence is not to be affected by the result of the suit; the appointment of a receiver in such case being ancillary and dependent upon general principles of equity in foreclosure suits. Act April 2, 1887, General Laws, 1887, p. 119, secs. 1 (Rev. Stats., art. 1465), 13 (Rev. Stats., art. 1488), and 16 (Rev. Stats., art. 1491); Rev. Stats., art. 1194, sub. 12, 23; Bonner v. Hearne, 75 Texas, 242; Wills Point M. Co. v. Plow Co., 31 Texas Civ. App., 94; United States Trust Co. v. Railway Co., 35 Hun, 341; United States Trust Co. v. Railway Co., 101 N. Y., 478.

A foreign corporation does not transact business in this State within the meaning of article 745, Revised Statutes 1895, by carrying on transactions outside the State of Texas relating to property within the

State of Texas. Lakeview Land Co. v. San Antonio Trac. Co., 95 Texas, 252; Security Co. v. Panhandle Bank, 93 Texas, 575; Beale on Foreign Corporations, sec. 207; Caesar v. Capell, 83 Fed. Rep., 403; Scruggs v. Scottish, etc., Co. (Ark.), 16 S. W. Rep., 565; Meddis v. Kenney (Mo.), 75 S. W. Rep., 633; People's Building, etc., Assn. v. Berlin, 201 Pa., 1; Am. Building, etc., Assn. v. Haley (Ala.), 31 So. Rep., 88; M. B. Faxon Co. v. Lovett·Co. (N. J.), 36 Atl. Rep., 692; Reeves v. Harper, 43 La. Ann., 516.

A foreign corporation having no permit to do business within the State of Texas taking a deed of trust outside of this State, in a transaction occurring without the State of Texas, upon property located within this State, secures a valid lien even if the instrument contains provisions which contemplate the transaction of business within the State. The lien is valid and enforceable even if said special provisions could not be carried out without securing a permit to transact business in Texas. Authorities cited under last preceding proposition; Eskridge v. Louisville Tr. Co., 29 Texas Civ. App., 571; Farmers' Loan & T. Co. v. Railway Co., 68 Fed. Rep., 412; United States v. Am. Bell Tel. Co., 29 Fed. Rep., 17.

A corporation which executes a deed of trust in favor of a foreign corporation which it selects as a trustee, and by the deed of trust confers upon such trustee certain powers, including the right to sue for the benefit of the bondholders; then sells its bonds based on such deed of trust, is estopped in a suit brought by the trustee in behalf of the bondholders from questioning the power of the trustee to sue in the courts of Texas as empowered in the deed of trust under which the bonds were sold. Farmers' Loan & T. Co. v. Railway Co., 68 Fed. Rep., 412; Kilgore v. Smith (Pa.), 15 Atl. Rep., 698.

EIDSON, ASSOCIATE JUSTICE.—This is an appeal from an interlocutory order appointing a receiver. On the 25th day of July, 1904, the Territorial Bank and Trust Company, appellee, filed its petition in the District Court of Travis County for the Twenty-sixth Judicial District, in which it complained of the Commercial Telephone Company, appellant, and sought, as trustee for the bondholders, to recover upon certain bonds and coupons for interest described therein, alleging that said bonds were issued by said telephone company and secured by its deed of trust, whereby it conveyed to said company as trustee all of its property; that default had been made in the payment of interest, and that the said Commercial Telephone Company, appellant, did not have sufficient property in the State of Texas, or elsewhere, to discharge its said obligation. Appellee prayed for judgment for its debt and for a foreclosure of the lien given in the deed of trust, and also prayed that a receiver of the properties of said telephone company be appointed to take charge of and operate the said properties of said telephone company.

Appellee in its petition described the property covered by the deed of trust as consisting of many telephone exchanges and toll lines, including telephone lines and properties in Travis County and other counties in Texas. And further alleged (1) the issuance and sale, in

accordance with the deed of trust set out in appellee's petition, of 855 bonds of $500 each; (2) default continuing for more than six months in payment of interest, and default in deposit of sinking fund; (3) demand of majority of bondholders on appellee, because of such default, to declare bonds matured as provided in the deed of trust; (4) the provisions of the deed of trust showing conveyance of tolls and income of appellant, as well as the corporeal·property; (5) the facts claimed as authorizing and requiring a receiver pending the foreclosure.

On the hearing of the application for the appointment of a receiver on the 6th day of August, 1904, the Commercial Telephone Company, appellant, presented in their due order, (1) its plea of privilege by way of exception to the petition, to the effect that it was a corporation, incorporated under the laws of the State of Texas; that a portion of its property was situated in the State of Texas, and that its principal place of business was in San Antonio, Bexar County, Texas, and that each and all of these facts appeared upon the face of plaintiff's petition, and that upon pleading it, the defendant was entitled to have the application for the appointment of a receiver for its property made and considered in Bexar County, Texas; (2) its plea of privilege, by way of plea in abatement, with allegations and prayer similar to the one just outlined; (3) its plea in abatement to the effect that the plaintiff company was a foreign corporation, organized in the Indian Territory; that prior to the execution of the deed of trust exhibited in its petition, it became desirous of acting as trustee and accepting trusts in the State of Texas, and that by accepting the trust imposed by the said deed of trust, as well as others, it had transacted business in the State of Texas; that it had never secured a permit from the State of Texas to do or transact business within the State, and had not such permit, and that therefore, it had no right to bring or maintain this suit.

The first of the above pleas was overruled. The second, after evidence was heard, was overruled; and the general demurrer of plaintiff company urged against the third plea was sustained, and said plea held insufficient in law.

Judgment was then rendered, granting the prayer of plaintiff below, appellee, for the appointment of a receiver, and two receivers were appointed. The appellant excepted to the rulings of the court, and to the judgment of the court and gave notice of appeal to this court, and has assigned errors, seeking to revise and reverse the said action of the court below.

Appellant's first and second assignments of error complain of the action of the court below in overruling its exception to appellee's petitions, original and first amended, and thereby holding that upon the face of the pleadings, appellant was not entitled to have said suit brought and said application for the appointment of a receiver for its properties made and considered in the county of its principal place of business only, to wit: in Bexar County, Texas, upon its pleading its privilege and right to have such suit brought and said application so made and considered, and in holding that said suit could be brought and said application could be made and considered in Travis County, Texas, over the objection of appellant, urged by its said plea of privilege. And that said

court also erred in overruling appellant's plea in abatement setting forth and urging its privilege to have suit brought, and the application for the appointment of a receiver for its properties made and considered in the county of its principal place of business only, to wit: in Bexar County; appellant's contention being that it being a corporation organized under the laws of this State and having property situated in this State, is entitled under article 1488 of the Revised Statutes to have an action for the appointment of a receiver for its properties brought in the county where its principal office or place of business is located, upon pleading its privilege at the proper time to have such action so brought. Said article is as follows:

"If the property sought to be placed in the hands of a receiver is a corporation whose property lies within this State, or partly within this State, then the action to have a receiver appointed shall be brought in this State in the county where the principal office of said corporation is located."

In the case of Bonner v. Hearne, 75 Texas, 242, the Supreme Court held that the above article was intended to confer upon corporations the privilege of having suits for the appointment of receivers for their properties instituted in the counties of their principal office, and not to deprive any District Court of the power of making such appointment in the event the corporation failed to plead its privilege. It is said, however, in that opinion, that the court does not decide whether or not said article was intended to apply to all receiverships of the property of corporations or only to cases of insolvent corporations, in which the corporation itself and all its assets are taken into the hands of the court for the purpose of winding up its business. Article 1488 of the Revised Statutes above quoted, is a copy of section 13 of "An Act to provide for the appointment of receivers and to define their powers and duties and to regulate proceedings under such appointment," passed by the Twentieth Legislature. (Acts of 1887, p. 119.) This section provides the venue of an action to have a receiver appointed for "a corporation." Articles 1489, 1490 and 1491 of the Revised Statutes are copies respectively of sections 14, 15 and 16 of said Act of 1887, and are as follows:

"Art. 1489. Where there are betterments, general creditors have rights to be protected. When a receiver of a corporation has, under the order of the court, made improvements upon the property of said corporation, and has also, under the order of the court appointing him, purchased rolling stock, machinery, and made other improvements whereby the value of the property of said corporation has been in- *creased, or has extended such road or has acquired any property in connection with said road*, and has paid for same out of the current receipts of the corporation that came into his hands as receiver, then, if there be any floating debts against said corporation, said corporation shall be made to contribute to the floating indebtedness to the full value of the money so spent by said receiver as aforesaid; and if there are any liens of any kind upon the property of said corporation in the hands of such receiver, and said property is sold under the order of the court, and said liens foreclosed, then it shall be and is hereby made the duty of the court appointing such receiver, if there be any unpaid debts or

judgments or claims against the corporation itself, to detain in the hands of the clerk of the court money to the full value of the improvements made by said receiver of said property out of the proceeds of the sale of the property sold, and pay the same over to any person or persons who has or may have a claim, debt or judgment against said corporation; and the court in ordering the sale of the property shall require sufficient cash money to be paid in at date of sale to cover the full value of the improvements so made by said receiver out of the current funds received by him from the property while receiver.

"Art. 1490. Judgments and other claims have preference over mortgage.

"All judgments, claims or causes of action, when determined, existing against any corporation at the time of the appointment of a receiver, shall be paid out of the earnings of such corporation while in the hands of the receiver, to the exclusion of mortgage action; and the same shall be a lien on such earnings.

"Art. 1491. Receivership of corporations limited to three years.

"No corporation shall be administered in any court for a longer period than three years from the date of such appointment; and within three years such court shall wind up the affairs of such corporation, unless prevented by appeal of litigation."

The subject-matter of articles 1489 and 1490, and the purposes thereof, as indicated by their language, clearly manifest that they have reference to a corporation which has been dissolved or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights, and which has been placed in the hands of a receiver for the purpose of administering and winding up its affairs. And article 1491 provides the period of time within which the court administering the affairs of such corporation is required to wind up such affairs. Article 1465 of the Revised Statutes provides in what cases a judge of a court of competent jurisdiction may appoint a receiver, and subdivision 3 thereof is a copy of section 1 of said Act of 1887, and is as follows: "In cases when a corporation has been dissolved or is insolvent or in imminent danger of insolvency, or has forfeited its corporate rights." This subdivision, in our opinion, authorizes the appointment of a receiver for such a corporation as article 1488 provides the venue of an action to have a receiver appointed for. In other words, article 1488 provides the venue of an action for the appointment of a receiver for a corporation that "has been dissolved or is insolvent or in imminent danger of insolvency, or has forfeited its corporate rights," and has no application to an action for the appointment of a receiver to take charge of property embraced in a deed of trust or mortgage during the pendency of a suit to foreclose such deed of trust or mortgage, and to enforce collection of the debt secured thereby. This being a suit for the foreclosure of a mortgage or deed of trust and thereby enforce the payment of an indebtedness of appellant to secure which said mortgage or deed of trust was given, and a part of the property embraced in the deed of trust being situated in Travis County, the District Court of that county had jurisdiction to try the case and appoint the receiver. (Rev. Stats., art. 1194, subdivisions 12 and 23; id., art. 1465, subdivisions 2 and 4.) On general principles of equity, in actions to foreclose mortgages,

where the security is weak or inadequate, the court may appoint a receiver of the income or profits of the property covered by the mortgage in anticipation of the judgment and sale. (United States Trust Co. v. New York, W. S. & B. Ry. Co., 35 Hun, 341.) We therefore conclude that the court below did not err in any of the respects complained of in appellant's first and second assignments of error.

Appellant's third assignment of error complains of the action of the court in sustaining the appellee's general demurrer to its plea in abatement, setting up that appellee was not entitled to bring or maintain this suit, because it was a foreign corporation and had not taken out a permit to transact business in this State, as required by law. The allegations of said plea are substantially as follows:

It alleged that the plaintiff company was a foreign corporation, organized for the purpose of acting as trustee and doing a trustee business, that it never had secured a permit to do business in Texas; that it was not within the class of corporations exempted from the operation of the statute, but that notwithstanding these facts it had entered into a contract with the defendant company under and in accordance with which it agreed and undertook to act as trustee for said defendant company, to take a deed from said company for all of its lands and property in the State of Texas, which it would hold as trustee for the benefit and security of the parties who might buy the bonds of said company, that said bonds provided for in said deed of trust should be issued by said defendant company and sent to it at its office in Muscogee, Indian Territory, for its approval and certification, whereupon it would return same to said defendant company for sale, that if the defendant company did not keep the property conveyed insured, the said plaintiff company was empowered to do so and charge the same against the defendant company; that upon default in payment of principal or interest of the bonds issued, the plaintiff company might take possession of and manage all the property of defendant company; that it might employ such agents to assist it as it thought proper, and make the charges of such agents a lien upon the property of defendant company; that the interest coupons of said bonds should be paid by the defendant company at the office of the plaintiff company or its financial agency in the city of Chicago or San Antonio; that certain bonds were issued and sent in accordance with the agreement to plaintiff company, and that it attached its certificate to said bonds and returned them to defendant company at San Antonio, Texas, by mail or express; that for the certification of said bonds, the plaintiff company rendered certain bills and sent same to the defendant company, and that in the due course of mail it received payment for said services and sent receipts for same, that plaintiff company employed attorneys in Texas to advise with it concerning the carrying out of the deed of trust agreement and to bring this suit to enforce its rights under said deed of trust agreement.

The plea in abatement further alleged that at about the same time that plaintiff company undertook the trust imposed by the agreement with the defendant company it entered into an agreement with the Bell Telephone Company and the Tyler Telephone Company and that by the terms of the agreement made between them, the plaintiff company

assumed and undertook in each case an active trusteeship similar in most respects to that just referred to; and that in the course of business it carried out and performed the covenants and conditions of said deed of trust agreement, and rendered services similar in most respects to the services rendered under the agreement with the defendant company, and received remuneration for such services.

In Security Company v. Pan Handle National Bank, 93 Texas. 575, the Supreme Court held that "a foreign corporation does not violate the prohibition of article 745, Revised Statutes, against doing business in this State without obtaining a permit, by purchasing in another State a bond and mortgage issued by a Texas corporation, nor by bringing suit in this State to enforce collection of such debt acquired elsewhere, nor by adjustment of such debt after so bringing suit by giving extension of time and taking new security." And in Lakeview Land Company v. San Antonio Traction Company, 95 Texas, 252, that court holds that "corporations created in other States may purchase land or personal property in Texas, if authorized by their charters; such purchase if made outside the State did not constitute the transaction of business within the State prohibited, save after obtaining permit by articles 745 and 746, Revised Statutes." And in the case of Eskridge v. Louisville Trust Company, 29 Texas Civ. App., 571, the Court of Civil Appeals of the Second District held that a "foreign corporation holding the fee simple title to land in this State in trust, may sue here to recover possession of the land and rents, without obtaining a permit to do business in this State."

We do not think the facts set up in the plea in abatement show a case within the rule laid down in either of the above cases. The facts stated in said plea show an agreement and contract between appellant and appellee, whereby appellee is constituted the active trustee of appellant and required and empowered to do certain things for the benefit of appellant and the holders of the bonds issued by virtue of the provisions of said trust deed, and for which services appellee was to receive a compensation. We are also of opinion that it appears from said plea that the ordinary business of appellee was to act as such trustee and perform the services mentioned in said plea for any corporation desiring such services.

We are further of the opinion that the plea alleges acts and conduct upon the part of appellee, in connection with the acts performed by and conduct of appellant in Texas, in pursuance of the requirements and obligations contained in said deed of trust, which constitute a transaction of business in Texas independent of the act of bringing this suit. (Farmers' Loan Co. v. Elevated Ry. Co., 173 Ill., 449.) But while this suit, to a considerable extent, grew out of such transaction of business, it is not brought for the benefit of appellee, but is brought by it as a nominal plaintiff, solely for the benefit of the holders of the bonds issued and sold by appellant, and to secure the payment of which the deed of trust sought to be foreclosed in this suit was executed. It can not be successfully contended that the bondholders would not be permitted to bring this action in their names. We think they would be under the rule laid down in Security Company v. Pan Handle National Bank, supra. And this being true, we know of no sound

reason which would prevent their bringing it in the name of the trustee for their benefit. And, further, it appears from the deed of trust sued on that appellant conferred upon appellee the right to sue for the benefit of the holders of said bonds. The bonds sued upon were issued by appellant after the execution of the deed of trust, and sold based on the provisions of said deed of trust, which include the right of the appellee to sue for the benefit of such bondholders, in the event of default upon the part of appellant in their payment or the payment of interest on same; and, in view of these facts, appellant should not be allowed to question appellee's right to bring and maintain this action for the benefit of such bondholders.

It does not appear from the record that appellee is seeking by this suit to in any manner carry out those provisions of the trust deed, which authorize it to take possession of the property, and manage it, etc.; nor is it necessary for these provisions to be carried out in order to utilize the security embraced in the deed of trust for the benefit of the bondholders under the powers and direction of the court. These provisions might be held void and not affect the validity of the deed of trust, as security in favor of the bondholders, or their right to enforce it in this suit. The case of Farmers' Loan and Trust Company v. Chicago & N. P. R. R. Co., 68 Fed. Rep., 412, is very similar in all of its features to this case, and we quote with approval as follows from the opinion in that case: "The mortgagor company executed this deed of trust to the complainant to secure certain bonds which it put forth upon the market as secured thereby. The Northern Pacific Company, in consideration of the lease, covenanted to pay the interest of these bonds. The mortgagor company is estopped, as against the bondholders, to assert that the trustee has not performed the acts necessary to entitle it to assume the trust. It asserted to the world the legal capacity of its appointee. It marketed its obligations upon the faith of that representation. It can not be permitted now to assert to the contrary. It can not be allowed to assert a violation of law by itself or by the trustee of its appointment, as ground for the nonenforcement of its legal obligations. . . . The complainant brings this suit in behalf of the bondholders. They are the parties beneficially interested. The complainant in the prosecution of the suit acts as a mere naked trustee asking the court to enforce the security of the benefit of its *cestui que* trust. . . . It may be that certain trusts contained in the trust deed or mortgage can not be enforced by the trustee while in contempt of and until compliance with the laws of the State of Illinois. I refer to those provisions of the instrument which authorize the trustee to take possession of, acquire title to and convey the property. It is not however necessary, nor by this bill is it sought to execute those trusts. If they are void, their invalidity does not necessarily invalidate the instrument as a mortgage. The court will treat it as a mortgage merely, the trustee as mortgagee, holding the naked legal title to the security, the bondholders being the beneficial owners. The court will enforce the security by judicial sale, not permitting the execution of any trust that may be inoperative until compliance with the laws of the State of Illinois."

This action being brought in the name of the appellee solely for the

benefit of the bondholders, and the deed of trust by virtue of which their bonds were issued and which is sought to be enforced in this action, providing for such suit by appellee, we are of the opinion that the court below did not err in sustaining appellee's general demurrer to appellant's said plea in abatement. And hence we overrule its third assignment of error.

There being no reversible error in the record, the judgment of the court below is affirmed.

*Affirmed.*