**BECK et al. v. PRIDDY.   (No. 6677.)** *

(Court of Civil Appeals of Texas.   Austin. March 14, 1923.   Rehearing Denied April 4, 1923.)

1. **Injunction** ⟲106—Application for injunctive relief pending cause held ancillary to pending suit.

Where, in a pending suit in trespass to try title and to recover land, plaintiff sought to recover a tract of 36,047 acres and had a writ of sequestration issued and executed, and defendant applied for a writ of injunction to restrain plaintiff from ejecting him from 170 acres of that tract, possession of which he claimed under a lease, *held* that, the purpose being to stay an action then pending in the same court and presided over by the same judge and in the county of the residence of parties, as well as in the county where the land was located, it was ancillary to the cause so pending, and the papers should have been filed therein by the clerk, and under Vernon's Sayles' Ann. Civ. St. 1914, art. 4652, it became immaterial, as affecting nature of the proceeding that the clerk docketed the cause as a separate action.

2. **Injunction** ⟲27—Granting of restraining order against sequestration in action of trespass to try title held proper.

Pending suit to try title and to recover possession of land, granting of restraining order to defendant to restrain sheriff from ejecting defendant from his occupancy of premises claimed under a lease *held* proper.

3. **Injunction** ⟲157—Order for injunctive relief against execution of sequestration writ in trespass to try title held too narrow in scope of relief.

On an application for writ of injunction against execution of writ of sequestration in an action of trespass to try title by dispossessing petitioner, *held,* that the restraining order granted was too narrow and should be reformed to conform to the relief prayed for.

Appeal from District Court, Coleman County; J. O. Woodward, Judge.

Ex parte application by W. A. Priddy for injunction to be directed against Henry Beck and another. Judgment for petitioner, and defendants appeal. Affirmed, as reformed.

Snodgrass & Dibrell, of Coleman, for appellants.

Critz & Woodward, of Coleman, for appellee.

BLAIR, J. This is an appeal from an order granting an injunction upon an ex parte hearing without notice or evidence, save the sworn application for the writ. Appellant filed no answer, but appealed upon notice, as provided by law for appeals from interlocutory orders granting injunctions, and therefore the only question presented for our determination is the sufficiency of this application for the writ. The sworn application being the only testimony in the case, and its sufficiency being attacked, we will set the same out in full, except the description of the land in question by metes and bounds, which we do not deem necessary to a determination of the law of this case. It is as follows:

"Comes now your petitioner, W. A. Priddy, who resides in Coleman county, Texas, and complaining of Henry Beck and Dick Pauley, each of whom resides in Coleman county, Texas, and alleges and upon his oath shows to the court:

"1. That heretofore, to wit, on January 27, 1923, the defendant Henry Beck, as plaintiff, filed in the district court of Coleman county, Texas, his original petition in cause No. 2776, in trespass to try title against your petitioner, W. A. Priddy, wherein and whereby the plaintiff sues and seeks to recover as against your petitioner herein, the defendant in said cause, the lands and premises therein described and for rents and general relief; the lands and premises sought to be recovered and involved in said suit, being set out in said petition and described as follows, to wit: [Description of seven tracts of land sued for, omitted here.]

"2. That said plaintiff in said suit alleges that said lands aggregate 3,647.70 acres, and is of the aggregate value of $57,915.50, and alleges that the defendant, W. A. Priddy, your petitioner herein, with force and arms unlawfully and wrongfully entered into possession of said lands and premises, and ejected the plaintiff therefrom, and is wrongfully withholding from this plaintiff the possession of said lands.

"3. Your petitioner herein would respectfully allege and show to the court that in so far as said suit seeks to recover the possession and title of the lands and premises over and above 170 acres, which will be hereinafter more specifically described, and a certain house, yard, sheds, and outhouses hereinafter more specifically described, it is wholly fictitious, and was filed for a fraudulent purpose as will hereinafter more fully appear.

---

⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"4. Your petitioner alleges and shows to the court that in truth and in fact and heretofore, to wit, about the 1st day of January, 1923, he leased and let and had a verbal contract with the said Henry Beck for the rental and leasing for the year 1923, the following described lands and premises upon which to live, cultivate and farm, to wit: [170 acres of land claimed by appellee.]

"That in truth and in fact your petitioner herein never at any time leased any other lands and premises from said Beck save and except those last above described, to wit, the 170 acres, and the house, yard, sheds, outhouses, etc.

"That he has never at any time and does not assert any interest, title, or ownership in the other lands described in plaintiff's petition in said suit referred to; that the plaintiff, Henry Beck, in said suit aforesaid, in filing suit against your petitioner herein for the title and possession of all of the lands therein described, was seeking to prevent your petitioner from retaining the possession of the 170 acres aforesaid and the house, yard, outhouses, etc., and with the fraudulent intent and for the fraudulent purpose of preventing your petitioner from replevying and securing possession of the lands and premises he did in fact rent as aforesaid, and he included the excess acreage aforesaid, with the intention of requiring your petitioner to execute a bond for all the lands included in said suit, and acting under the belief that your petitioner herein, who is the defendant in that suit referred to, would be unable to make and execute a good and sufficient replevy bond, and in so doing the plaintiff herein, Henry Beck acted fraudulently and without just cause, well knowing then, and he now well knows, that your petitioner is not claiming or asserting any rights whatsoever to any of said lands and premises, save and except the 170 acres aforesaid, the house, yard, outhouses, etc., hereinbefore more fully described.

"5. Your petitioner further alleges and shows to the court that on the date of the filing of said petition, to wit, January 27, 1923, the said Henry Beck filed his affidavit and application for a writ of sequestration with the purpose in view of sequestrating all of the lands and premises aforesaid for the reasons aforesaid, alleging that he feared the defendant would make use of the possession thereof to the injury of such property, and that he would convert to his own use the revenues produced by same; said allegations being false, fraudulent, and fictitiously made, he well knowing at that time, and now knows, that your petitioner was not claiming any of the lands, except as herein alleged.

"6. That in pursuance of said affidavit the clerk of this court did issue on said date a writ of sequestration, which was delivered to the sheriff of Coleman county, Texas, to wit, Dick Pauley, and the said Dick Pauley, did about the 27th day of January, 1923, execute said writ and not only took possession of the lands and premises he was not claiming, but, in addition thereto, the 170 acres aforesaid, the house, yard, outhouses, etc., more specifically described elsewhere; that thereafter and, to wit, on the 1st day of February, 1923, and within 10 days from the date of the filing of said suit, and within 10 days from the date of the issuance of said sequestration writ, and within 10 days from the execution thereof by said sheriff, as aforesaid, your petitioner herein, through his agent and attorneys and himself requested the said sheriff, Dick Pauley, to name, state, and fix a value on the 170 acres aforesaid, the house, yard, outhouses, etc., so that he, your petitioner, the defendant in said suit aforesaid, could tender to the sheriff a good and sufficient replevy bond in double the estimated value so to be fixed by said sheriff, which the sheriff declined to do, and thereafter and on the same date, your petitioner herein did in fact make, execute, tender, and attempt to deliver to said sheriff, Dick Pauley, a good and sufficient replevy bond, signed by your petitioner, conditioned as required by law, with good and sufficient sureties, to replevy said 170 acres, house, sheds, yards, etc., which bond was in the sum of $20,000, which is more than double the value of the lands and premises sought to be replevied, to wit, the 170 acres, house, yards, sheds, etc., claimed by your petitioner aforesaid, that the sureties on said bond, to wit, J. B. Priddy, Leon L. Shield, and J. F. Gordon, are each worth over and above exemption more than the value of the lands and premises described herein as claimed by your petitioner, and more than double the value of said lands and the amount of said bond, to wit, $20,000, is in all things sufficient to protect the said Henry Beck, and copy of said replevy bond so tendered to the sheriff is hereto attached and made a part hereof; that the said Dick Pauley, sheriff, declined and refused to accept the same, declined and refused to approve and declined to name, state, or fix any value of the premises referred to, and he is now threatening and will, if not prevented, prevent your petitioner herein from occupying and using said premises during 1923, and will further execute said process by forcibly ejecting your petitioner therefrom, notwithstanding a good and sufficient bond has been executed and offered and tendered said sheriff in all respects as is by law required; and your petitioner now tenders and offers to said Henry Beck and to said sheriff said bond for the benefit of said Henry Beck and for all purposes as by law is required and expected; that the said Henry Beck is encouraging, aiding, and abetting the said Dick Pauley in refusing to accept and approve said bond, encouraging him to dispossess by force your petitioner; that the said Dick Pauley will, if not prevented, so do.

"That said sheriff, Dick Pauley, does not object to said bond because of any defect or insufficient amount or the sureties, but only because he demands a bond for all the lands sued for by said Beck, notwithstanding the petition does not claim all of said lands alleged herein.

"Wherefore, the premises considered, your petitioner herein prays your honor to grant the most gracious writ of injunction enjoining and restraining the said Henry Beck and the said Dick Pauley and each of them from ejecting or attempting to eject, dispossess him from the lands and premises claimed by him as described herein, or hinder your petitioner herein in the possession thereof or from ejecting him from the possession of said lands and premises fully described herein as claimed by him and described in said bond, and for such other and further orders and relief both at law

and, in equity to which he will be entitled, and will ever pray.

"Critz & Woodward,
"Attorneys for Petitioner.

"I, W. A. Priddy, do solemnly swear that I am the plaintiff in the above entitled and numbered cause, and that the matters and things set forth in the foregoing petition are true.

"W. A. Priddy.

"Sworn to and subscribed before me this the 3d day of February, A. D. 1923.

"[Seal.]      Walter C. Woodward,
"Notary Public in and for Coleman Co., Tex."

The order of the court granting said application is as follows:

"The State of Texas, County of Coleman.

"The above and foregoing petition of the plaintiff, W. A. Priddy, having been on this date presented to me, and same having been by me duly examined, it is my order that his petition be granted in all things as prayed for, and, upon the plaintiff filing a bond payable and conditioned as required by law in the sum of $20,000, the clerk of this court is ordered and directed to issue writs of injunction restraining and enjoining the said Henry Beck and the said Dick Pauley from ejecting or attempting to eject, dispossess or attempting to dispossess, the plaintiff from the lands and premises alleged by him, to wit:

"A part of the G., H. & H. Ry. Co. Survey No. 95, in Coleman county, Texas, beginning at a point on the north line of said survey about 334.8 vrs. west of the Coleman & Voss road, at the N. W. cor. of a triangular tract of about 10 acres of land; thence in a southeasterly direction along the S. W. line of said 10-acre tract, following a fence line, about 429.84 vrs., to the west line of said Coleman & Voss road; thence in a southwesterly direction along the west line of said road about 581.76 vrs., to a corner, at a corner where a fence runs westward from said Coleman & Voss road for the S. W. corner of this tract; thence west along the line of said fence about 1,107.36 vrs. to a fence corner; thence north about 46° 37″ east, and about 249.48 vrs., following said fence, to a corner of said fence; thence north, following said fence, about 870.48 vrs., to the north line of said survey No. 95, for the N. W. corner of this tract; thence east about 837 vrs. to the place of beginning, and containing about 170 acres of land.

"Also a house located about one-half mile south of the N. W. corner of the above-described 170 acres of land, having three rooms, with porch on three sides; said house being located in the Henry Beck survey No. 98, together with the yard, and lot and sheds adjacent to and used in connection with said house.

"And that they will so refrain until the further orders of this court.

"Witness my hand this the 3d day of February, A. D. 1923.

"J. O. Woodward,
"Judge 35th Judicial District of Texas.

"Indorsed and filed on the 3d day of February, A. D. 1923.      W. E. Gideon,
"Clerk District Court, Coleman Co., Tex."

[1] Appellant's contention that the court erred in granting the injunction is based mostly upon the proposition that the judge had no authority to grant the writ of injunction in a separate suit from that pending between the parties, as appellee's relief was to either make the bond for the replevy of the property sequestered, or, upon failing to do so, sue for damages for his wrongful ejection from the premises. If the facts in this case warrant a holding that a separate suit has been filed for an injunction, then the contention by appellant is probably correct. This we do not think to be the case, notwithstanding the fact that the clerk docketed the application herein in the name of the applicant as plaintiff, and the appellant as defendant, which he should not have done; but his doing so does not affect the real purpose of the order granting the writ, nor its legality, since the same is filed in the same court with the pending suit. This suit being in stay of a proceeding in a suit then pending in the same court in which this application was made, and presided over by the same judge granting the restraining writ, and in the county of the residence of the parties, as well as in the county where the land was located, is an ancillary writ to the cause so pending, and the papers should have been filed therein. By article 4652, Vernon's Sayles' Civil Statutes, 1914, it is provided:

"Upon the grant of any writ of injunction, the party to whom the same is granted shall file his petition therefor, together with the order of the judge granting the same, with the clerk of the proper court; and, if such writ of injunction does not pertain to a pending suit in said court, the cause shall be entered on the civil docket of the court in its regular order in the name of the party to whom the writ is granted as plaintiff and of the opposite party as defendant."

Under the provisions of this statute it becomes immaterial that the cause was docketed in a separate number, as is required in cases of injunction, for it is in fact a proceeding ancillary to the suit then pending, and that, upon the papers being filed with the same clerk of the court in which such suit was pending, they were filed as a part thereof. As to whether the writ granted herein is in fact an injunction or a mandatory restraining order staying certain proceedings in a suit then pending, since the relief sought is in equity, and equity does not quibble over names given writs, but grants the necessary relief, we do not deem it necessary to discuss, although the trend of the authorities is that this proceeding is not an injunction, but a mandatory order staying certain preliminary proceedings in a suit then pending, from which interlocutory order no appeal can be taken.

[2] We are of the opinion that the restraining order granted herein was proper, but that said order should be reformed and amended to comply with the relief prayed for by the applicant, and which he was entitled to

under facts as presented in this record. Appellee had been sued for the title and possession of certain lands, being seven tracts, aggregating over 3,500 acres, in a suit in trespass to try title in the district court of Coleman county, Tex. A sequestration writ had been issued and served upon appellee in said suit. Appellee was given 10 days by the officer serving same as required by law, in which to file his replevy bond, entitling him to retain possession of the land in question pending final disposition of the suit. Within the 10 days allowed, he informed the sheriff that he was only claiming 170 acres of the land in controversy, and describing it, and requesting the sheriff to fix its value, in order to determine the amount of the replevy bond he should give to retain possession of that portion which he claimed. This the officer refused to do. Appellee then tendered him a bond in double the amount he estimated the value of the land to be, which the officer refused to accept, all of which was proper on the part of the officer, as he had no authority other than to execute the writ. Appellee then filed this application, setting up all of the facts as shown herein, and disclaiming any right or title or interest in the land sued for in said cause No. 2776, entitled "Henry Beck v. W. A. Priddy," then pending in the district court of Coleman county, save and except the 170 acres described, being that portion which he alleges he rented from appellant; also alleging its value, and tendering a bond to the sheriff, which was in due form and for double the value of the land so claimed by him; also setting up the fact that appellant had knowledge of fraudulently incorporating the excess acreage in the suit in trespass to try title against him, in the hope that appellee could not make the large bond as required by law, in double the value of the entire tract of land sued for; and further praying for an injunction restraining the sheriff from carrying out the final orders of the writ, and in ejecting and dispossessing appellee from the 170 acres of land he claimed to have rented; and for general and special relief.

We are of the opinion that the judge granted the relief prayed for, that is, a restraining order restraining the sheriff from ejecting and dispossessing the appellee in his use and occupancy of the premises which he claimed to have rented; but we are further of the opinion that the order should have gone further, and directed the officer charged with the duty of executing the writ of sequestration more fully in the premises. The following is the order which we think should have been entered in this cause:

"In the Matters Now Pending in This District Court of Coleman County, Texas.

"Henry Beck v. W. A. Priddy. No. 2778.

"On this the 3d day of February, 1923, the defendant, W. A. Priddy, in the above entitled and numbered cause, having presented me his sworn application for an order restraining Dick Pauley, sheriff of Coleman county, Texas, and plaintiff, Henry Beck, in the above suit, from executing the final orders of a writ of sequestration heretofore issued, ancillary to the above cause, and ejecting and dispossessing him of the lands claimed by him, and it appearing that said application filed is a disclaimer to all of said lands in controversy in said suit, save and except a certain portion thereof hereinafter described, and having made proof of its value, and having tendered herein his bond in double the value of that portion claimed by him, in due form and as required by law for its replevy pending the final disposition of said suit, it is the opinion of the court that he is entitled to said order restraining the said Dick Pauley, sheriff, and Henry Beck, from finally executing the writ of sequestration as issued, and ejecting and dispossessing this applicant from the premises claimed by him, as set forth in said application.

"It is therefore ordered that the sheriff, Dick Pauley, accept and approve the bond herein presented, provided the sureties on said bond are, in his opinion, good and sufficient as required by law in such cases, and, in the event they are not good and sufficient in his opinion, then he is ordered to accept and approve such bond, with such additional sureties thereon as, in his opinion, are good and sufficient, as required by law in such cases, when presented, and that, when said bond is so accepted and approved, he indorse his approval thereon, and file the same in cause No. 2776, Henry Beck v. W. A. Priddy, and, further, that he make due return on the writ of sequestration now in his possession for execution, by setting forth therein the fact of this order; and

"It is further ordered that the said Dick Pauley, sheriff, and Henry Beck, be and they are hereby restrained from interfering with the applicant in any manner in the use, occupancy, and possession of the following described 170 acres of land, to wit: A part of the G., H. & H. Ry. Co. survey No. 95 in Coleman county, Texas, beginning at a point on the north line of said survey about 334.8 vrs. west of the Coleman & Voss road, at the N. W. corner of a triangular tract of about 10 acres of land; thence in a southeasterly direction along the S. W. line of said 10-acre tract, following a fence line, about 429.84 vrs., to the W. line of said Coleman & Voss road; thence in a southwesterly direction along the west line of said road about 581.76 vrs., to a corner, at a corner where a fence runs westward from said Coleman & Voss road for the S. W. corner of this tract; thence west along the line of said fence about 1,107.36 vrs. to a fence corner; thence north about 46° 37″ east, and about 249.48 vrs., following said fence to a corner of said fence; thence north, following said fence, about 870.48 to the north line of said survey No. 95, for the N. W. cor. of this tract; thence east about 837 vrs. to the place of beginning, and containing about 170 acres of land.

"Also a house located about one-half mile south of the S. W. cor. of the above-described 170-acre tract, having three rooms, with porch on three sides; said house being located in the Henry Beck survey No. 98, together with the

yard and lot and sheds adjacent to and used in connection with said house.

"————————,

"Judge District Court of Coleman Co., Tex."

Authorities: Article 4652, Vernon's Sayles' Civil Statutes 1914, and Supplements of 1918 and 1922, and cases cited thereunder.

[3] The only other proposition we deem necessary to consider herein is the contention that the writ of sequestration having been served, no injunction could issue restraining something which had already been done. The application discloses that it was not for the purpose of enjoining the service of the writ of sequestration that the order was sought, but to enjoin its further execution at a subsequent date by dispossessing appellee, unless he gave bond in double the value of all the property described in the writ above referred to, which he was not claiming, and was an act under the writ, yet to be performed by the officer executing same. We are therefore of the opinion that the assignment is not well taken.

We are of the opinion that the appeal is not well taken, and the judgment be reformed and affirmed, as above directed.

Reformed and affirmed.