## FIELDER v. PARKER.

No. 1892

Court of Civil Appeals of Texas. Eastland.
June 17, 1938.

Rehearing Denied Sept. 16, 1938.

Cox & Hayden, of Abilene, for appellant.

C. O. McMillan, of Stephenville, and Lem Billingsley, of Fort Worth, for appellee.

FUNDERBURK, Justice.

J. L. Parker, as receiver for H. H. Hardin, brought this suit against J. R. Fielder, a resident of Taylor County, and F. L. Freeland and Frank Sloan, Sheriff and Deputy Sheriff, respectively, of Stephens County, residents, of course, of said County, to enjoin an advertised sale of land in Stephens County, levied upon under an execution against Hardin's former receiver, issued out of the District Court of Taylor County, following a final judgment for debt. It was alleged substantially that the receivership suit was pending in the District Court of Erath County and that the land about to be sold under the process aforesaid was in the legal custody of the plaintiff in his said capacity as receiver. The style and number of the receivership suit was W. J. Oxford v. H. H. Hardin et al., No. 6530, and the style and number of the instant suit was J. L. Parker, Receiver, v. J. R. Fielder et al., No. 7114. Each defendant filed a plea of privilege—Fielder to be sued in Taylor County, and Freeland and Sloan to be sued in Stephens County. Each such plea was in compliance with the provisions of R.S.1925, Art. 2007. No controverting pleas were filed by plaintiff. Plaintiff excepted to the several pleas of privilege and the exceptions were sustained; the judgment declaring the conclusion of the court to be that "said pleas of privilege are not well taken and should be denied and overruled, and that plaintiff's exceptions thereto should be sustained." The order was "that the pleas of privilege filed herein by said defendants be, and the same are hereby in all respects overruled and denied."

The defendant Fielder has appealed.

■ Consistently with the court's action in sustaining the exceptions to the pleas of privilege the order should have provided a dismissal of said pleas rather than overruling or denying same. No point is made of this, but nevertheless an ambiguity as to the nature of the court's action results. It appears from the briefs with reasonable certainty, however, that the action intended was such as was appropriate to the sustaining of exceptions to the pleas and not an adjudication of same upon their merits. There being, as it happens, little practical difference, we shall regard the order of the court as a dismissal of the pleas of privilege.

■ It is our conclusion that the pleas of privilege were disposed of correctly, but upon a wrong theory of law. We think the proposition may be regarded as established by the decisions that in any suit brought in any county of Texas and wherein there is a defendant who is a nonresident of the county—but who resides in the state—if such defendant files a statutory plea of privilege in compliance with said Art. 2007, the filing of a controverting plea by the plaintiff is essential to raise either an issue of law or fact, as to the proper *venue* of such suit. In the absence of any controverting plea, or waiver of a plea of privilege, the only authorized action of the court, in so far as it is determinative of the question of venue, is to sustain the plea of privilege and transfer the case to the proper county, and court therein, having jurisdiction.

■ A plea of privilege conforming to the provisions of Art. 2007 is not subject to exceptions, general or special. There are some decisions which purport to recognize an exception to the rule as thus stated. The leading case, perhaps, in recognition of such exception is Yates v. State, Tex.Civ.App., 3 S.W.2d 114. Of the decisions following it may be mentioned: Barnum v. Lancaster Hardware Co., Tex.Civ.App., 40 S.W.2d 1103; Thompson v. Pure Oil Co., Tex.Civ.App., 113 S.W. 2d 662; Schoellkopf Co. v. Daves, Tex. Civ.App., 71 S.W.2d 340; McCook v. Amerada Pet. Corp., Tex.Civ.App., 73 S. W.2d 914; Universal Credit Co. v. Boling, Tex.Civ.App., 103 S.W.2d 253 (changed on rehearing, Id., Tex.Civ.App., 108 S.W.2d 836); Miller v. Burnet Merc. Co., Tex.Civ.App., 65 S.W.2d 505; Lloyds America v. Lloyds Southwest Insurers, Tex.Civ.App., 56 S.W.2d 477. In principle, these decisions, we think, are in conflict with Duffey v. Cole Pet. Co., 117 Tex. 387, 5 S.W.2d 495; Curlee Clothing Co. v. Wickliffe, 126 Tex. 573, 91 S.W.2d 677; Johnson v. Dallas C. & W. Co., 120 Tex. 27, 34 S.W.2d 845; American Fruit Growers v. Sutherland, Tex.Civ.App., 50 S.W.2d 898; Oakland Motor Car Co. v. Jones, Tex.Civ.App., 29 S.W.2d 861; First Nat. Bank v. Cage, Tex.Civ.App., 32 S.W.2d 500, and many other decisions to the same

effect. In Universal Credit Co. v. Boling, supra, the Fort Worth Court of Civil Appeals in its original opinion gave controlling effect to Yates v. State, supra, and that line of decisions. Upon application for mandamus to require certification of the question to the Supreme Court, the latter, because of some defect in the petition for mandamus, could not grant the writ, but in a per curiam opinion expressed that court's disagreement with the decision of the Court of Civil Appeals. Universal Credit Co. v. Dunklin, 129 Tex. 324, 105 S.W.2d 867. The court repeated what, in effect, had often been declared before [page 868]: "The plea of privilege in the form prescribed by article 2007 was prima facie proof of the defendant's right to a change of venue, and after its filing the burden was on the plaintiff both to *allege* and to prove as venue facts one of the following", enumerating the particular venue facts there involved. (Italics ours.) This statement is believed to be true of every case in which a statutory plea of privilege is duly filed, and not waived. In some cases, the "venue facts" (for definition of which, see Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91) may be many. In others, few. It is believed, however, that there is at least one *venue fact* in every case. In some of the many exceptions to the general rule of venue prescribed in R.S.1925, Art. 1995, Vernon's Ann. Civ.St. art. 1995, one common "venue fact" is the fact of the nature of the suit or action. Oakland Motor Car Co. v. Jones, supra. Of the proof of such *venue fact* "plaintiff's petition is the best and all-sufficient evidence." Id., 29 S.W.2d 865; Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. Even the petition need not be formally introduced in evidence. That requirement may be dispensed with, however, only because the court takes judicial knowledge of such pleading. It is believed that the extreme simplicity of proving this particular venue fact accounts wholly, or in a large measure, for the view that its proof involves a question of law rather than a question of fact. To our minds, the conclusion is inescapable that in any case in which the nature of the suit or action is a *venue fact,* such venue fact can no more be put in issue in the absence of pleading than can any other venue fact; the only pleading which can put such fact in issue being a controverting plea. No evidence whether same be the subject of judicial cognizance or not is available to determine a question of the proper venue of a suit, unless the issue involving such venue fact, the same as all others, be tendered by plaintiff's pleading —the Controverting Plea. This is but applying the rule declared in State of Arkansas v. Kansas & Texas Coal Co., 183 U.S. 185, 22 S.Ct. 47, 46 L.Ed. 144, to the effect that the right of a court to exercise judicial knowledge is subordinate to requirements of procedure.

■ Let us suppose a case where a citizen of, say, Eastland County files suit in said county against Erath County. Under exception No. 19 the proper venue is in Erath County. The only venue fact under said exception is the nature of the action as being a suit against a county. Under the decision in Shell Pet. Co. v. Grays, 122 Tex. 491, 62 S.W.2d 113, Art. 2020, R.S.1925, is construed to provide for a transfer of such a cause to Erath County by the same procedure as is provided for a transfer to the county of a defendant's residence. See, also, Jefferies v. Dunklin, Tex.Sup., 115 S.W.2d 391. But, unless the question of proper venue be raised by pleading, it will be waived.

In practical effect, there is no difference in the operation of this rule between an exception which provides that under stated conditions the suit *may* be brought in a county other than that of the defendant's residence, and other exceptions which provide that suit *must* or *shall* be brought in a particular county. Although there is manifest in the decisions considerable misapprehension concerning this proposition, it should, we think, have been regarded as settled by those decisions which hold that such distinction would not operate to determine a matter of jurisdiction, but only of personal privilege. Bonner v. Hearne, 75 Tex. 242, 12 S.W. 38; DeLaVega v. League, 64 Tex. 205; Moody v. First Nat. Bank, Tex.Civ.App., 51 S.W. 523; Dittman v. Iselt, Tex.Civ.App., 52 S.W. 96; Valdez v. Cohen, 23 Tex.Civ.App. 475, 56 S.W. 375; Morris v. Runnells, 12 Tex. 175; Masterson v. Ashcom, 54 Tex. 324; Houston & T. C. Ry. Co. v. Graves, 50 Tex. 181; State v. Snyder, 66 Tex. 687, 18 S.W. 106; Walker v. Stroud, Tex.Sup., 6 S.W. 202; Lone Star Building & Loan Ass'n v. State, Tex.Civ.App., 91 S.W.2d 941; Lubbock Ind. School Dist. v. Lubbock Hotel Co., Tex.Civ.App., 62 S.W.2d 274; Wood v. Fulton Property Co., Tex.Civ. App., 90 S.W.2d 617; Pacific American

Gasoline Co. v. Miller, Tex.Civ.App., 76 S.W.2d 833; Jackson v. First Nat. Bank, Tex.Civ.App., 290 S.W. 276; Chapman v. Kellogg, Tex.Com.App., 252 S.W. 151; Houston Oil Co. v. Bayne, Tex.Civ.App., 141 S.W. 544; Commercial Telephone Co. v. Territorial Bank & Trust Co., 38 Tex.Civ.App. 192, 86 S.W. 66; State v. Patterson, Tex.Civ.App., 40 S.W. 224, 227. The first case cited dealt with a statute providing that the particular kind of suit [page 39] "*shall* be brought in this state in the county where the principal office of said corporation is located." (Italics ours.) None of the exceptions purports to be more mandatory than this one. No special procedure is prescribed relating to the "must" or "shall" exceptions different from that governing the "may" or nominally permissive exceptions. The conclusion logically follows that no practical distinction between them exists. Obviously no distinction can be made without converting a question of venue into one of jurisdiction; for literally, if a suit *must* be brought in a particular county, courts in other counties have no jurisdiction. Any procedure which will preserve a venue right in one class of exceptions will preserve it in the others. Similarly, a right of venue under the one class of exceptions will be waived in precisely the same way and subject to the same conditions as the others.

■ It is, therefore, our conclusion that in any case wherein it is possible to tender an issue of privilege a controverting plea is essential to present an issue of venue, from which it follows that the court erred in sustaining the exceptions to the pleas of privilege as the basis of the court's action in disposing of such pleas.

■ Notwithstanding the views expressed, there remains a problem not concluded by what has been said. It may be stated thus: In a case of which the court has exclusive jurisdiction, in which a plea of privilege is filed, but not controverted, what action should the court take? There is, perhaps, no ground for a difference of opinion that a question of venue can never control a question of jurisdiction. The proposition, it is believed, is not open to debate that if a particular court having —necessarily, of course—its situs in a particular county, has exclusive jurisdiction of a case, the venue of such suit, the same as jurisdiction, cannot be in a court of any other county. In such a case, if a plea of privilege be filed it can be of no importance whether a controverting plea be filed or not. This, for the reason that controverting pleas to pleas of privilege tender only issues regarding venue, not jurisdiction. Can a court charged with judicial knowledge that it has exclusive jurisdiction of a case ever be under a duty of transferring it to a court of another county, which has no jurisdiction? We think not. It seems to us that in such a case the court of its own motion should dismiss the plea of privilege and proceed as though it had never been filed. Such action is required not because of any defect, either of substance or of form, in the plea of privilege such as may be challenged and a ruling of the court invoked as to the sufficiency thereof by general or special exception to the statutory plea of privilege; but because, as a matter of law, no issue regarding venue, in the very nature of the case under the circumstances, can exist.

■ In the instant case, had the plaintiff filed the allegations embraced in his petition in the receivership suit, and had procured a "show cause" order, and thereafter the court following proper notice to the defendants had issued the injunction prayed for, it is doubtful, we think, whether any question of privilege would have been attempted to be raised. The venue of the receivership suit was already fixed. The jurisdiction attempted to be invoked by plaintiff's petition, in the present action, was to prevent an interference with the possession of property in custodia legis. That is, in custody of the court in the receivership suit. In other words, the jurisdiction invoked was a jurisdiction of the court to restrain an interference with its jurisdiction in the pending suit. Such jurisdiction is one inherent in the court. It is a jurisdiction not created, but merely confirmed, by R.S. 1925, Art. 4642, par. 2.

An action or proceeding invoking such jurisdiction is one ancillary to the pending suit or action. The proposition is sound, we think, that the court of this State having jurisdiction of the case to which another action is ancillary, has exclusive *jurisdiction* of the ancillary proceeding. "Ancillary and incidental actions and proceedings therefor", says Corpus Juris, "do not affect the venue of the principal suit, notwithstanding if they were brought independently, the venue would be

elsewhere." 67 C.J. p. 82, sec. 130. The reason underlying this proposition is believed to be that in such case the court having jurisdiction of the main action has exclusive jurisdiction of the ancillary action. As to the main action—the receivership suit—the court having acquired therein custody and control of the property it would seem to be true, as said by Chief Justice Cureton in Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, that the subject matter "is thereby segregated as it were from the general class to which it belonged, and withdrawn from the authority and jurisdiction of all other courts of coordinate power." [page 1071.]

When such an ancillary or incidental action involves an injunction it is not an injunction suit within the provisions of R.S.1925, Art. 4656, providing that "writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending or such judgment was rendered," etc. International & G. N. Ry. Co. v. Anderson County, Tex. Civ.App., 150 S.W. 239, 248; Royal Amusement Co. v. Columbia Piano Co., Tex.Civ.App., 170 S.W. 278; McDade v. Vogel, Tex.Civ.App., 173 S.W. 506; Lane v. First Nat. Bank, Tex.Civ.App., 216 S. W. 490; Neill v. Johnson, Tex.Civ.App., 234 S.W. 147; Worden v. Pruter, 40 Tex. Civ.App. 118, 88 S.W. 434; City Nat. Bank v. Merchants' Nat. Bank, 7 Tex. Civ.App. 584, 27 S.W. 848; Geary v. Word, Tex.Civ.App., 259 S.W. 309; Evans v. Hudson, Tex.Civ.App., 216 S.W. 491.

The principle was applied to a condition of facts very similar to that here involved in Dickson v. McLaughlan, Tex.Civ.App., 51 S.W.2d 628.

It has been necessary to consider what effect, if any, is to be given to the fact that the instant suit does not purport to be a part of the receivership suit. This question, it seems, is the same as was considered by the Supreme Court in Walker v. McMaster, 48 Tex. 213, wherein it was declared that "Though the injunction may be issued in a separate suit, docketed, and tried as a distinct suit, it is in its nature an incident to the suit in which the judgment was rendered, upon which such supposed illegal process was issued." See, also, Beck v. Priddy, Tex.Civ.App., 249 S.W. 1105.

Upon these authorities we are constrained to regard this suit the same as if it were purportedly and certainly a part of the receivership suit.

We think the proposition well fortified by the highest authority that when a court of competent jurisdiction, in this State, has acquired, through a receiver, the possession of property, such property without the consent of the receivership court may not be levied upon under a writ of execution, out of any other court; and such action may be restrained by the court in which the receivership is pending as an interference with its jurisdiction. Ellis v. Vernon, etc., Co., 86 Tex. 109, 23 S.W. 858; Texas Trunk Ry. Co. v. Lewis, 81 Tex. 1, 16 S.W. 647, 26 Am.St.Rep. 776; Riesner v. Gulf, C. & S. F. Ry. Co., 89 Tex. 656, 36 S.W. 53, 33 L.R.A. 171, 59 Am.St.Rep. 84; Stewart v. Poinboeuf, 111 Tex. 299, 233 S.W. 1095; McCurdy v. Gage, 123 Tex. 558, 69 S.W.2d 56; Mudge v. Hughes, Tex.Civ.App., 212 S.W. 819; Temple Trust Co. v. Haney, Tex.Civ.App., 103 S.W.2d 1035; Pruett v. Fortenberry, Tex.Civ.App., 254 S.W. 592; Edwards v. Norton, 55 Tex. 405; Wharton v. Washington County State Bank, Tex.Civ.App., 153 S.W. 699; Long v. Martin, Tex.Civ. App., 260 S.W. 327; Southwestern Inv. Co. v. Crawford, 16 Tex.Civ.App. 475, 41 S.W. 720; Cushing v. B. C. Evans & Co., Tex.Civ.App., 33 S.W. 703.

Construing the ambiguous order of the trial court as an order dismissing the plea of privilege, it is our conclusion that such was the proper order to have been made, and, that, therefore, the judgment should be affirmed. It is accordingly so ordered.