STATE EX REL. CASCADE BANK OF GREAT FALLS, RELATOR, *v.* YODER, SECRETARY OF STATE, RESPONDENT.

(No. 2,727.)

(Submitted June 1, 1909. Decided June 7, 1909.)

[103 Pac. 499.]

*Mandamus—State Banks—Extension of Corporate Existence—Statutes Applicable—Capital Stock—Increase.*

State Banks—Extension of Corporate Existence—Statutes Applicable.
1. *Held*, on *mandamus* against the secretary of state, that the provisions of sections 3826-3828, Revised Codes, touching the manner in which a corporation may extend its existence, do not apply to state banks, but that section 3907 governs in this respect; and that therefore such a bank was not required to give a notice of six weeks of its intention to extend its corporate existence.

Same—Increase of Capital Stock—Statutes Applicable.
2. A state bank, organized in 1889, properly proceeded, in 1891, under section 526, Chapter 27, Fifth Division Compiled Statutes of 1887 [sec. 3918, Revised Codes], to increase its capital stock, and was under no obligation to give a six weeks' notice of a meeting of its stockholders to consider the question. Section 468, Chapter 25, Fifth Division, Compiled Statutes of 1887 [Sec. 3827, Revised Codes], which required such a notice, had reference to corporations other than state banks.

ORIGINAL application for *mandamus* by the state, on relation of the Cascade Bank of Great Falls, against A. N. Yoder, as Secretary of State, to compel respondent to file a certificate extending the bank's corporate existence.   Writ granted.

*Mr. Ransom Cooper,* for Relator.

*Mr. Albert J. Galen,* Attorney General, and *Mr. E. M. Hall,* Assistant Attorney General, for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On April 3, 1889, the Cascade Bank of Great Falls was organized as a state banking corporation with a capital stock of $40,000; its term of existence being twenty years.   On January 24, 1891, the capital stock was increased to $75,000.   On March 18, 1909, the corporation desiring to extend the period of its corporate existence for twenty years from April 3, 1909, the board of directors adopted a resolution calling a meeting of the stockholders for March 29, 1909, to determine whether such extension should be made, and directing the cashier to give notice in writing to every stockholder.   Such notice appears to have been given, and at the time and place mentioned in the notice six hundred and fifteen shares, out of the total of seven hundred and fifty shares, were represented.   At the stockholders' meeting resolutions were adopted by the unanimous vote of the six hundred and fifteen shares to extend the corporate existence of the corporation for twenty years, from April 3, 1909, to April 3, 1929, and directing the chairman and secretary of the stockholders' meeting and a majority of the directors of the bank to cause to be made and filed the necessary certificates.   A certificate setting forth the proceedings had was made by the chairman and secretary of the stockholders' meeting and by a majority of the directors and filed with the county clerk of Cascade county, and a duplicate tendered for filing to the secretary of state. Upon objections raised by the secretary of state, an amended

certificate was prepared by the same parties, filed in the office of the county clerk of Cascade county, and a certified copy thereof tendered to the secretary of state for filing, accompanied by the necessary filing fee. Upon the refusal of the secretary of state to file this amended certificate, this proceeding was instituted. An alternative writ of mandate was issued, and upon the return thereof the secretary of state interposed a general demurrer, and the matter was submitted for determination. It is contended by the attorney general, appearing on behalf of the secretary of state, that the application to this court by the bank discloses that the laws of Montana were not complied with in two particulars: (1) In attempting to extend the corporate existence of the bank; and (2) in attempting to increase the capital stock of the bank.

1. The principal contention arises over the action of the bank in extending its corporate existence. The solution of the difficulty is to be found in a construction of existing statutes. At first blush it would appear that we have conflicting laws upon the subject; but a study of the history of these statutes will dissipate any apparent conflict. Beginning with 1866, an attempt was made to enact an incorporation statute (Act approved December 10, 1866, Laws Third Session, p. 1); but practically all enactments by this session were declared void by an Act of Congress approved March 2, 1867 (14 Stats. 427). At the next session of the territorial legislature an Act was passed and approved on December 13, 1867 (Laws 1867, p. 1), which provides for the incorporation of domestic concerns for certain purposes; the purposes mentioned covering a wide range of subjects. With slight, if any, modifications, this Act was carried into the Codified Statutes of 1871-72, as Chapter 18, and, with some amendments, into the revision of 1879, as Chapter 15; and again into the Compiled Statutes of 1887, as Chapter 25. Sections 467, 468, and 469, of Chapter 25, Fifth Division, Compiled Statutes of 1887, are sections 265, 266, and 267, of Chapter 15, Revised Statutes of 1879, and are sections 22, 23, and 24 of Chapter 18 of the Codified Statutes of 1871-72. In the compilation of

1871-72, Chapter 18 is entitled "Corporations." Chapter 15 of the revision of 1879 is entitled "Corporations for Industrial or Productive Purposes," and the same title is attached to Chapter 25 of the Compiled Statutes of 1887. Whether it was ever intended that a state banking corporation should, or indeed could, be formed under any of the foregoing statutes—which were the only laws upon the subject—we need not stop to inquire; but that for some sufficient reason these statutes were deemed inadequate or inapplicable to a state banking corporation is manifest, for, with those statutes still in full force and effect, the legislature passed an Act entitled "An Act concerning Banks and Banking," which was approved March 5, 1887, and comprises all of Chapter 27 of the Compiled Statutes of 1887. This Act purports to be a complete statute for the incorporation, management, and control of state banks and banking corporations, and differs materially in many respects from the corresponding provisions applicable to other corporations, found in Chapter 25. If the incorporation laws found in Chapter 25 were ever intended to have, or did in fact have, any application to state banks, those laws must be held to have been superseded to that extent by the special statute found in Chapter 27, and from March 5, 1887, when this special statute went into effect, Chapter 25 could not have any application whatever to state banks, except in so far as its provisions are specifically referred to by subdivision 6 of section 2 (now section 515), of Chapter 27.

This was the status of the law when the legislature met in January, 1893. Up to that time there was not any provision of law whatever by which the term of existence of a corporation could be extended beyond that fixed in the original articles of incorporation; but by an Act approved March 2, 1893 (Laws 1893, p. 111), sections 446, 467, 468, and 469, of Chapter 25 of the Compiled Statutes were amended. The amendment of section 446 is immaterial here. Sections 467, 468, and 469 were amended so as to permit a corporation organized under the provisions of Chapter 25 to extend the term of its existence by

giving six weeks' notice of the meeting called for that purpose, etc. Since the provisions of sections 467, 468, and 469, as found in Chapter 25, did not have any application to state banks, at least not after March 5, 1887, of course those sections as amended by the Act of March 2, 1893, did not have any application. The Act of March 2, 1893, is continued in force by section 5186 of the Political Code of 1895, and by section 5184 the provisions of that Act are held to be amendments to the Code provisions on the same subject inconsistent therewith. In the Civil Code of 1895, section 562 is an original Code provision, which prescribes the manner in which a corporation may extend the term of its existence; and section 563, also an original Code provision, provides: "The provisions of this title are applicable to every corporation, unless such corporation is excepted from its operation, or unless a special provision is made in relation thereto inconsistent with some provision in this title, in which case the special provision prevails." If the provisions of section 562 are inconsistent with the Act of March 2, 1893, then those provisions will be held to have been amended. But is there in fact any inconsistency? As said above, the Act of March 2, 1893, did not have any application to state banks, and probably there were other corporations not included in Chapter 25 of the Compiled Statutes which likewise were not affected by the Act of March 2, 1893. So there is not any reason apparent why both section 562 above, and the Act of 1893 were not in full force and effect; the former applying to state banks and other corporations not included in the provisions of Chapter 25 of the Compiled Statutes, and the latter applying to all corporations comprised within the provisions of Chapter 25. In the Codes of 1895 the provisions of Chapter 25, Compiled Statutes, are largely superseded by the general incorporation laws found in Part IV, Civil Code; but, with some changes not material here. Chapter 27 of the Compiled Statutes is found in Title II, sections 570-578, Civil Code, and with some additional amendments, not applicable to the question now before us, these provisions of the Code, and the Act of March 2, 1893, are to be found in the

Revised Codes of 1907. . The Act of March 2, 1893, is found in sections 3826-3828, and sections 562 and 563, Civil Code of 1895, are found in sections 3907 and 3908.

When the officers of the Cascade Bank sought to extend the term of its existence they proceeded under section 3907, Revised Codes. It is said that their action was ineffectual, because they did not give the six weeks' notice of their meeting, as required by the Act of March 2, 1893, now sections 3826-3828, Revised Codes. Holding, as we do, that the Act of 1893 did not apply to state banks, and that the provisions of sections 3826-3828, Revised Codes, do not, but that section 562 of the Civil Code of 1895, now section 3907 of the Revised Codes, governs in a case of this character, the objection of the respondent, based upon this contention, is not well founded.

2. Assuming, for the purposes of this proceeding only, that the failure of a bank to comply with the law in increasing its capital stock would be a valid reason for the secretary of state refusing to file the certificate extending the term of that bank's existence, we are brought to a consideration of the second question raised here, viz.: Did the Cascade Bank pursue the statute in increasing its capital stock in 1891? At that time the only provisions in force were Chapters 25 and 27 of the Compiled Statutes. Sections 468 and 469 of Chapter 25 require that six weeks' notice of a meeting of the stockholders shall be given before the question of increasing the capital stock can be considered, and that a certificate of the proceedings showing a compliance with the provisions of the chapter shall be executed and filed with the county clerk of the county where the original articles of incorporation are filed, and a duplicate thereof filed with the secretary of state, while section 526 of Chapter 27 provides: "It shall be lawful for any corporation organized under the provisions of this Act, by their by-laws to provide for an increase of their capital stock.   *   *   *   " It is alleged in the petition, and admitted by the demurrer, that the bank fully complied with the terms of section 526; and, as said above in paragraph 1 of this opinion, we think the provisions of Chapter

27, so far as a state bank was concerned, were controlling, and that a compliance with sections 468 and 469 was not necessary. If the legislature had intended that sections 468 and 469 should be observed by a state banking corporation, appropriate reference would have been made to those sections; but this was not done. It is now suggested, however, that since section 526 of Chapter 27, above, is still in force as section 3918, Revised Codes, it is possible, under this view, for a state bank to increase its capital stock without paying to the secretary of state the fees required from other corporations under subdivision 4 of section 165 of the Revised Codes. If such result follows, it is only because of a lapse in legislation, and many such can be found.

Since it appears from the application that the Cascade Bank complied with the statutes in force, in increasing its capital stock and in extending the term of its corporate existence, there does not appear any reason why the amended certificate should not be filed.

It is ordered that a peremptory writ of mandate issue, directing the secretary of state to file the amended certificate extending the term of the corporate existence of the Cascade Bank of Great Falls, upon the bank paying the fees therefor required by law.

*Writ issued.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.