LONE STAR BUILDING & LOAN ASS'N OF HOUSTON, TEX., v. STATE ex rel. ATTORNEY GENERAL.

No. 8473.

Court of Civil Appeals of Texas. Austin.

Feb. 5, 1936.

Rehearing Denied March 4, 1936.

942

J. L. Webb and Percy Foreman, both of Houston, for appellant.

Wm. McCraw, Atty. Gen., and W. W. Heath, and Sam Lane, Asst. Attys. Gen., for appellee.

BAUGH, Justice.

The state brought this suit to forfeit the charter of appellant, asked for the immediate appointment of a receiver to take charge of its property and wind up its affairs, and for injunction to restrain the officers, directors, and agents of appellant from interfering with such receiver. A receiver was appointed ex parte without notice and the injunction granted as prayed for, from which judgment this appeal is prosecuted.

The grounds of forfeiture of appellant's charter alleged were that appellant had failed to pay its franchise tax for the year 1929–1930, as provided for in, and required by, articles 7091 and 7092, R.S. 1925; that the secretary of state had duly entered upon the records of that office on July 2, 1929, forfeiture of appellant's right to do business in this state; and that this suit on that ground is brought under the provisions of article 7095, R.S. The state also alleged violation by appellant of numerous provisions of chapter 61, p. 100, Acts 2d Called Sess. 41st Leg., 1929 (Vernon's Ann.Civ.St. arts. 881a—1 to 881a—68), both as grounds for forfeiture of its charter and for immediate appointment of a receiver. In the main these were that appellant was collecting illegal fees on the sale of its shares of stock, perpetrating frauds upon the public, operating the association in the interests of its officers instead of the stockholders, dissipating its assets, misrepresenting to the public the condition of the association, and that the association was insolvent or in danger of becoming so. That because of these facts, unless a receiver be appointed at once, the assets of said association would rapidly be dissipated and irreparable loss to the stockholders occur.

■ The first contention made by appellant is that the district court of Travis county was without authority to entertain this suit and that the appointment of the receiver was void. In support of this contention, appellant urges that the act of 1929, above cited, superseded all laws relating to building and loan associations, vested all supervision and control over them in the banking commissioner, and provided the exclusive method and grounds for forfeiting such charters; that said act became effective on June 26, 1929; and that therefore the secretary of state had no authority to declare appellant's right to do business forfeited on July 2, 1929.

It was obviously the intent of the Legislature that the act of 1929 supersede the act of 1913 (R.S.1925, arts. 852–881) governing the organization, regulation, and supervision of building and loan associations. The act of 1913 did not undertake to fix nor regulate the collection of franchise taxes due by such associations to the state. As to these matters, such associations were, prior to the 1929 act, subject, to the provisions of chapter 3, title 122, arts. 7084–7097, R.S.1925, relating to corporations generally. Prior to the 1929 act, the regulation of such corporations was supervised by the insurance commissioner, and the franchise taxes due by them collected by the secretary of state under the provisions of the general franchise tax law. The 1929 act, however, in addition to amplifying the act of 1913 as to control over, and regulation of, such corporations, fixed the franchise tax due by such corporations (section 6 [Vernon's Ann.Civ.St. art. 881a—6]); placed the supervision and control thereof under the banking commissioner (section 7 and 29 [Vernon's Ann.Civ.St. arts. 881a—7, 881a—29]); made franchise taxes payable to the treasurer through the banking commissioner, instead of through the secretary of state as theretofore; vested in the bank-

ing commissioner authority to annul the certificate of authority of such corporation under certain circumstances; and made it the duty of the Attorney General, upon report thereof to him by the banking commissioner, to bring suit to revoke the charter of such corporation and for appointment of a receiver to wind up its affairs (sections 13–16 [Vernon's Ann.Civ. St. arts. 881a—13 to 881a—16]). The act also provides for the repeal of all laws or parts of laws in conflict therewith (section 77 [Vernon's Ann.Civ.St. art. 881a—68]).

While the 1929 act does make the changes in preexisting laws as above indicated, we find nothing in said 1929 act which excuses such corporations from the payment of the franchise tax due by them within the time prescribed by article 7091, R.S., or which prevents the forfeiture of this right to do business for failure to do so on or before July 1st of the year in which such tax is due. Nor does the 1929 act repeal article 7095, imposing upon the Attorney General the duty to bring suit to forfeit the charter of any corporation which fails to pay its franchise tax.

While articles 7091 and 7092 impose upon the secretary of state certain duties with regard to forfeiture for nonpayment of franchise taxes, it is by virtue of the penalties provided in the law itself, where the tax is not paid, that the state through suit by the Attorney General under article 7095 can forfeit such charter. The right of forfeiture by the state of such charter arises from the law itself and the failure of the corporation to pay its tax, and not by virtue of the acts of the secretary of state or of the banking commissioner in the premises. And failure of appellant to pay its franchise tax in 1929, if it did so fail, in itself constituted a sufficient ground for the state to bring suit to forfeit its charter independent of, and in addition to, the other grounds alleged in the state's petition herein, that is, violation of the various provisions of the 1929 act, mismanagement, insolvency, etc. Under these circumstances, we think the effective date of the 1929 act, and whether the secretary of state or the banking commissioner was the proper official to declare such forfeiture on July 2, 1929, does not determine the right of the state to assert such forfeiture. Article 7095 provides that suit for such purpose may be brought in the courts of Travis county or in the county of the corporation's principal office.

Section 13 of the 1929 act (Vernon's Ann.Civ.St. art. 881a—13) provides:

"Sec. 13. *Illegal, Unauthorized, Unsafe, or Fraudulent Practices*—Remedies. In case the Banking Commissioner of Texas shall find, upon examination or from other evidence, that any building and loan association is conducting its business, in whole or in part, contrary to law, or failing to comply with the law, that its assets are less than its liabilities, including all its capital stock, or is conducting its business in an unsafe, un-authorized or fraudulent manner, the Banking Commissioner of Texas shall, by an order in writing addressed to the president of such association, direct attention thereto and order compliance with the law, and that the assets be increased to equal liabilities, and in case such association shall refuse or neglect to comply with any such order lawfully made, or in case any such association is insolvent or in danger of insolvency, or its assets are impaired, then the Banking Commissioner of Texas shall annul its certificate of authority and may begin an action to revoke the charter of such association and for the appointment of a receiver thereof and the winding up of its affairs. Any action begun under this Section shall be brought in the county where such association has its principal place of business, and in the name of the State of Texas on relation of the Banking Commissioner of Texas, and shall be prosecuted by the Attorney General."

Appellant contends that the state's suit shows clearly that it is brought under this section of the statute and that therefore only the district court of Harris county has jurisdiction to hear it. We think it is clear, however, that this section applies to the manner and method in which the business of the corporation is conducted, and that the terms, "failing to comply with the law" and "contrary to law," refer to the provisions in the act regulating and controlling the manner in which its business is being conducted, and not to the matter of payment of its franchise tax. It is readily conceivable that such a corporation could conduct its business in every respect in compliance with the regulatory provisions of the act of 1929 and still be in default of its franchise taxes. The 1929 act nowhere expressly provides for forfeiture of a charter for failure of such association to pay its franchise tax. Right of forfeiture by the state on that ground is there-

944

fore referable to the franchise tax statute, articles 7084 to 7097, R.S. In so far, therefore, as forfeiture was sought on this ground, venue thereof would lie in the district court of Travis county, under article 7095, R.S.

In so far as forfeiture and a receivership were sought on the grounds of insolvency, illegal, unauthorized, unsafe, or fraudulent practices charged, the venue, under the express terms of section 13 of the 1929 act, would lie in Harris county, and if these were the only grounds for forfeiture asserted, appellant, upon filing a proper plea, would be entitled to have the cause transferred to the district court of Harris county. But the provision in section 13 that suits thereunder "shall be brought in the county where such association has its principal place of business," relates to venue, which may be waived by the corporation; and not to jurisdiction of the court, which may not be waived. This exact question, where a similar statute was involved, was decided by the Supreme Court in State v. Snyder, 66 Tex. 687, 18 S.W. 106, and in Bonner v. Hearne, 75 Tex. 242, 12 S.W. 38, wherein the power of the district court to appoint a receiver under what is now article 2312, R.S., containing the same provision was involved. See, also, Lubbock Ind. School Dist. v. Lubbock Hotel Co. (Tex.Civ.App.) 62 S.W.(2d) 274; 11 Tex.Jur. 115.

The district court of Travis county having acquired venue of this suit under the grounds alleged for forfeiture of appellant's charter for nonpayment of its franchise taxes, in order to avoid a multiplicity of suits between the same parties seeking the same relief, even though venue as to the grounds alleged under section 13 of the 1929 act would properly lie in Harris county, it has the power to adjudicate the entire controversy. Middlebrook v. David Bradley Mfg. Co., 86 Tex. 706, 26 S.W. 935; Landa v. F. S. Ainsa Co. (Tex.Civ.App.) 231 S.W. 175; Cotton Concentration Co. v. First Nat. Bank (Tex.Civ.App.) 245 S.W. 118.

The next question presented is whether the court abused its discretion in appointing a receiver of appellant's properties ex parte and without notice, and in granting the injunctive relief sought. While these are matters addressed to the sound discretion of the court, it is now well settled that the appointment of a receiver without notice to take over one's property which is prima facie his is one of the most drastic actions known to law or equity; that it should be exercised with extreme caution; and only where great emergency or imperative necessity requires it. Hunt v. State (Tex.Civ.App.) 48 S.W.(2d) 466; C. P. Oil Co. v. Shelton (Tex.Civ.App.) 48 S.W.(2d) 509; Corsicana Hotel Co. v. Kell (Tex.Civ.App.) 66 S.W.(2d) 760; 36 Tex.Jur. 109; 23 R.C.L. 38; 53 C.J. 59.

We think the facts alleged by the state did not warrant such appointment. In so far as forfeiture of appellant's charter for nonpayment of the franchise tax is concerned, receivership is not authorized until after judgment of forfeiture. Article 7095, R. S. Nor is insolvency alone sufficient ground for such appointment. Tex-Mex. R. R. Co. v. State (Tex.Civ.App.) 174 S.W. 298, 301. As to the other practices complained of, the state's allegations were that they had been going on, to some extent at least, for several years. If the banking commissioner discharged the duties imposed upon him by the 1929 act, he necessarily knew of these practices, and under the law he could have taken action long before he did. Under these circumstances, and in view of the continued practices alleged to have been indulged in by appellant, the mere filing of this suit could not, we think, create such an imperative emergency as to require the immediate appointment of a receiver of appellant's properties without first giving it an opportunity to be heard.

Since the injunction granted restrains only the officers and agents of appellant from interfering with the receiver, who was, we think, improvidently appointed, it follows that the injunction must likewise fall.

For the reasons stated, the order appointing the receiver is vacated, the injunction granted is dissolved, and the cause remanded for hearing.

Order appointing receiver vacated; injunction dissolved; cause remanded.