**LONE STAR BUILDING & LOAN ASS'N
v. STATE.
No. 9089.**

Court of Civil Appeals of Texas. Austin.
May 14, 1941.

Rehearing Denied June 25, 1941.

J. L. Webb and Kenneth Krahl, both of Houston, for appellant.

Gerald C. Mann, Atty. Gen., Geo. W. Barcus, Wm. J. Fanning, Lloyd Armstrong, and Ocie Speer, Asst. Attys. Gen. and Joe Goodwin, Atty. for State Banking Dept., of Austin, for appellee.

C. H. Chernosky and A. B. Gerland, both of Houston, for interveners as appellees.

BLAIR, Justice.

The State of Texas, through its Attorney General and on relation of its State Banking Commissioner, instituted this suit against appellant, the Lone Star Building & Loan Association, alleging in counts 1

and 2 of the petition that the Banking Commissioner had reported to the Attorney General that he had found the appellant in an unsound and insolvent condition; that it was guilty of certain fraudulent practices, and was conducting its business in violation of the provisions of Art. 881a–1 et seq.; and had requested the Attorney General, under the provisions of Art. 881a–14 to institute this proceeding for the dissolution and winding up of the affairs of appellant.

By a third count it was alleged that the suit was also brought under Art. 1380, R. S., in the nature of a quo warranto to wind up the affairs of appellant, an insolvent corporation.

After notice and hearing, a temporary injunction was issued and a temporary receiver appointed to take charge of the business of appellant, with instructions to wind up the affairs of the Association, and report from time to time to the court. The merits of the case were not tried, but voluminous testimony was offered with respect to the insolvency of the building and loan corporation and misconduct on the part of its officers and directors in the handling of its affairs. These will not be detailed here, because we think that the appointment of the temporary receiver was justified upon the ground of insolvency.

By three propositions appellant contends that its general demurrer to the petition of the Attorney General should have been sustained because the suit was one to forfeit the charter and the appointment of a receiver of the appellant association, and failed to comply with the statutory requirements, in that the Banking Commissioner did not give any written notice to appellant to comply with the law and to restore its affairs to a safe and sound condition prior to the filing of the suit.

In absence to a special exception addressed to the failure of the petition to allege that notice had not been given to appellant of its unsound condition, we think the petition good as against a general demurrer. It alleged that the Banking Commissioner reported to the Attorney General as required by law, and "in pursuance of Sec. 14 of Chap. 61, 2nd Called Session 41st Legislature, 1929" (Vernon's Statutes 1936, Art. 881a—14), that the affairs of the Lone Star Building & Loan Association were in an unsound condition, and that the interest of the public demanded the dissolution of such association and the winding up of its business.

The petition further alleged that appellant corporation was organized under and subject to the Acts of the 41st Legislature, as amended by the Acts of the 46th Legislature, being Senate Bill No. 13, Vernon's Ann.Civ.St. art. 881a—1 et seq., which placed said association under the control and supervision of the Banking Commissioner of Texas, and charged him with the duty of the execution of the laws relating to such association, and empowered him and made it his duty to cause a complete examination of every building and loan association business in Texas; that acting within the scope of the power and authority conferred upon him, the Banking Commissioner did regularly and duly find, and did so report to the Attorney General, that the affairs of appellant corporation were in an unsound condition; and that the interest of the public demanded the dissolution and winding up of the business of said corporation. The request of the Banking Commissioner to institute proceedings was attached to the petition and made a part thereof; and the petition specifically charged that appellant corporation had become in disrepute on account of many suits being filed against it, and charged that there were large withdrawal lists which the association could not pay; that the revenues of the association had been expended largely in paying salaries; that the association had not complied with the laws with respect to reserve fund; that it had failed to make available for payment one-half of its net receipts, as required by law; that its business methods for two years preceding were unwise and unsound, in that salesmen in order to make sales had made fraudulent misrepresentations, etc.; that the association was guilty of unlawfully charging cancellation and withdrawal fees contrary to law; that there remained unpaid demands and judgments against the association; and that the association was insolvent, and that its insolvency arose by reason of its assets being substantially lower in valuation than its liabilities; and that the Banking Commissioner had instituted proceedings to remove the officers, and that the association had resisted such proceedings.

We think Arts. 881a—13, 881a—14, 881a—15, and 881a—16 control the case, and we will refer to these Articles by section.

Section 13 makes the unlawful conduct of business, impairment of equality of assets and liabilities, unsafe or fraudulent conduct, insolvency, actual or in danger, a cause of action upon the relation of the Banking Commissioner, to revoke the charter and the appointment of a receiver and the winding up of the affairs of the association; and provides that any action brought under said section shall be in the county of the association's principal place of business.

Section 14 makes the findings of the Commissioner, when reported to the Attorney General, that the affairs of the association are in an unsound condition and that the interest of the public demands the dissolution of the association and the winding up of its affairs, a cause for proceedings by the Attorney General for the purpose of forfeiture of its charter.

Section 15 makes a refusal of the association to permit an examination of its affairs a cause of action to wind up its affairs, forfeit its charter, and to liquidate the association.

Section 16 declares that the "rights and remedies given by the two preceding sections are cumulative of each other, but that no involuntary liquidation of any association shall be accomplished except as above provided; that is to say, at the suit of the Attorney General on information and request of the Banking Commissioner of Texas." It further provides that if the court determines that the association's affairs should be liquidated and it is so ordered, then the Banking Commissioner shall forthwith take possession of such association, its assets and affairs, collect its claims, pay its debts and obligations, and distribute its assets to those lawfully entitled thereto, finally reporting his action to the court for approval. It further provides that he shall proceed under the procedure for the liquidation of state banking institutions where applicable; and where not applicable to make such reasonable regulations as are necessary for the winding up of the affairs of the association.

In the case of Woods v. Wichita Falls Building & Loan Association, 128 Tex. 1, 96 S.W.2d 64, 67, the Supreme Court held that Arts. 867 and 881a—13 et seq., "[disclose] in no uncertain terms" and make it unlawful for an insolvent building and loan association to continue in business, or to retain its permit to do business; that Arts. 867 and 881a—13, in effect, make it

"the exclusive primary duty of the banking commissioner to determine the question of insolvency, and, if he determines that the association is insolvent, and it fails after notice to make itself solvent, it is his duty to annul its permit to do business. Also the banking commissioner is given certain other duties in the statutes defined, which are intended to prevent the operation of insolvent associations in this state." The court further held as follows: "* * * Taking into consideration the very nature of a building and loan association, and the very provisions of the above-quoted statutes, we are compelled to the conclusion that the solvency or insolvency of a building and loan association is primarily for the determination of the banking commissioner, and his judgment and conclusion is not open to review, when lawfully exercised without fraud or abuse. Connally v. Continental Southland Savings & Loan Ass'n, (Comm. of App. opinion adopted) 121 Tex. 565, 51 S.W.2d 293."

We regard the above provisions of the statutes as authorizing the trial court under the allegations of the petition and the proof made to appoint the temporary receiver in this suit. He appointed the Banking Commissioner as the temporary receiver, and he, under the above referred to statutes, is charged with the duty of taking possession of and winding up the affairs of an association when a court of competent jurisdiction determines that it is insolvent, and without additional pay.

By several propositions appellant contends that there was no evidence showing the insolvency or misconduct on the part of itself which would require or authorize the forfeiture of its charter. Voluminous evidence was taken on the hearing, and the records of the association reflected a total liability of $42,296.22; that other liabilities not shown from the books increased the liabilities of the association to at least $46,133.80. The assets as reflected by the books and otherwise were far less than $46,133.80. No good purpose can be served by reviewing the testimony upon which these valuations were reached, because most of it is not disputed, and the question was one for the determination, in the first instance, of the Banking Commissioner; and as held in the case above, "his judgment and conclusion is not open to review, when lawfully exercised without fraud or abuse." It was not alleged that he had fraudulently exer-

cised his authority nor abused his discretion, except upon the claim that the evidence did not show insolvency.

Appellant also complains of the wrongful admission in evidence of the testimony with regard to law suits which had been brought against it and which appellee charged was rendering its business unsafe, and says that same should not have been introduced. We think that the record discloses sufficient testimony upon which the trial judge could have concluded that appellant was in an insolvent condition, and since no specific findings of fact were made or requested, and since the matter was tried to the court without a jury, we find no error in the admission of improper testimony. We do not hold in this connection that the testimony was improper, but hold that, in view of our conclusion that there was proper evidence sufficient to authorize the appointment of a temporary receiver, we need not discuss the question of the alleged improper evidence.

Appellant also makes the statement that, "of course, it is elementary that the court having had its jurisdiction under these articles challenged was without authority, and it is likewise elementary that it was without authority to appoint a receiver, and it is likewise elementary in case the venue is challenged and sustained, the appointment of a receiver falls." In this connection it may be observed that the venue question is not involved in this case. There is pending, however, and considered along with this case, Lone Star Building & Loan Association v. State of Texas, 153 S. W.2d 223, which is an appeal from an order overruling the plea of privilege of appellant to be sued in this case in Harris County; and the venue question will be discussed in that cause, which is this day decided by this court. In this connection it may be observed, however, that the proposition made by appellant is not correct, because the trial court did have jurisdiction to appoint a temporary receiver to take charge of the properties, even though we have determined that it did not have venue of the suit, and it does not follow that the appointment of the receiver should fall. The question is controlled by the case of McKinney v. Texas Life Ins. Co., Tex. Civ.App., 143 S.W.2d 789, 790, wherein the court say: "Although the question of venue is not properly before us for decision on this appeal, yet, in view of the contention of counsel, we express the opinion that, venue relates alone to the trial of a cause upon its merits, and not merely to interlocutory orders that have no relation to an issue, either of law or of fact, going to the merits of the case. See Thacher Medicine Co. v. Trammell, Tex.Civ.App., 279 S.W. 307; Rex Refining Co. v. Morris, Tex.Civ.App., 72 S.W.2d 687, and authorities cited."

In the case of Rex Refining Co. v. Morris, Tex.Civ.App., 72 S.W.2d 687, 690, it is held: " * * * A receivership is merely an incident to a pending suit, and is never sought as an end within itself. An appointment may be made, if authorized by the facts, at the beginning or at any stage of the litigation, and is no part of the trial of the suit proper, nor of any issue pertaining to the successful prosecution or defense of the suit. As an incident, the receivership remains with the case, subject to the orders of the court of proper venue. Where a question of venue is raised and the plea is not controverted, or where the plea is controverted but the contest is still pending, in either event the court is without authority to try the case, or any issue pertaining to its merits, but we dissent from the view that, in such status, the court is without jurisdiction of the res and powerless to preserve the subject-matter or to maintain the status quo of the litigation."

And even though we have in the venue suit sustained the plea of privilege, the issue of whether a temporary receiver should be appointed does not pertain to the merits of the case, and the court had jurisdiction to preserve the subject matter of the suit by the appointment of a temporary receiver, which is only ancillary to the main suit pending; and if the State's suit fails on the merits, the receivership will fall.

The statute in question specifically authorizes the appointment of a receiver, and since it is incidental to the main suit, the receivership remains with the case subject to the orders of the court on the venue question.

The judgment of the trial court is affirmed.

Affirmed.