**LONE STAR BUILDING & LOAN ASS'N OF HOUSTON v. STATE.**

No. 9079.

Court of Civil Appeals of Texas. Austin.

May 14, 1941.

Rehearing Denied June 25, 1941.

J. L. Webb, of Houston, for appellant.

Gerald C. Mann, Atty. Gen., and Geo. W. Barcus, Wm. J. Fanning, Lloyd Armstrong, and Ocie Speer, Asst. Attys. Gen., and Joe Goodwin, of Austin, for the State Banking Department, for appellee.

BLAIR, Justice.

This appeal is from an order overruling the plea of privilege of appellant, Lone Star Building & Loan Association, to be sued in Harris County, the county where such association has its principal place of business.

The plea was filed in the case of Lone Star Building & Loan Association v. State of Texas, 153 S.W.2d 219, wherein we have this day held that the suit was one by the State of Texas through its Attorney General and on relation of its Banking Commissioner, in pursuance of the power and duties imposed upon them by Arts. 881a—13 to 881a—16 to forfeit and cancel the charter of appellant and to appoint a receiver, upon grounds of insolvency, illegal or fraudulent practices, and because the affairs of appellant were in unsound condition. The rule as to venue of such a suit is stated by this court in the case of Lone Star Building & Loan Association v. State, 91 S.W.2d 941, 944, as follows: "In so far as forfeiture and a receivership were sought on the grounds of insolvency, illegal, unauthorized, unsafe, or fraudulent practices charged, the venue, under the express terms of section 13 of the 1929 act, would lie in Harris county, and if these were the only grounds for forfeiture asserted, appellant, upon filing a proper plea, would be entitled to have the cause transferred to the district court of Harris county."

This decision is based upon the provision of Art. 881a—13, that suits thereunder "shall be brought in the county where such association has its principal place of business." This court further held in the Lone Star Building & Loan Association case, supra, as follows: "The district court of

Travis county having acquired venue of this suit under the grounds alleged for forfeiture of appellant's charter for non-payment of its franchise taxes, in order to avoid a multiplicity of suits between the same parties seeking the same relief, even though venue as to the grounds alleged under section 13 of the 1929 act would properly lie in Harris county, it has the power to adjudicate the entire controversy."

■■ It is under this quoted provision of our opinion that the Attorney General seeks to maintain venue in Travis County under the third count of his petition. By the third count it was alleged that the suit was also brought under Art. 1380, R.S., in the nature of a quo warranto to wind up the affairs of appellant, an insolvent corporation. Art. 1380 is a part of Title 32 relating to private corporations, and provides the method by which the Attorney General may forfeit the charter of an insolvent corporation. Appellant is a building and loan association, organized and authorized to operate under the special provisions of Art. 881a—13 et seq. Art. 881a—16 specifically provides that "no involuntary liquidation of any association shall be accomplished except as above provided; that is to say, at the suit of the Attorney General on information and request of the Banking Commissioner of Texas." We regard this language of the statute as providing the exclusive method for the forfeiture of a charter of a building and loan association; and since the statute, Art. 881a—13, specifically provides that such a forfeiture shall be brought in the county where such association maintains its principal place of business, we regard the venue question as being specifically fixed by such statute.

■■ In construing Arts. 867 and 881a—13, supra, the Supreme Court held in Woods v. Wichita Falls Building & Loan Association, 128 Tex. 1, 96 S.W.2d 64, 67, that such statutes, "in effect make it the exclusive primary duty of the banking commissioner to determine the question of insolvency, and, if he determines that the association is insolvent, and it fails after notice to make itself solvent, it is his duty to annul its permit to do business." Art. 881a—14 provides that he shall certify that fact to the Attorney General, with request that he forfeit the charter of the association and wind up its business affairs; and Art. 881a—16 provides that such method of forfeiture of the charter of a building

and loan association shall be exclusive. The forfeit of a charter, as held by this court in the Lone Star Building & Loan Association v. State, supra, for non-payment of its franchise tax is controlled by another statute, as pointed out in that decision. But the forfeiture of a charter of a building and loan association for insolvency and other grounds is provided for by Art. 881a—13 et seq., and that method of forfeiture is made exclusive. The decisions applicable in this respect hold that where a corporation is organized under a special law as distinguished from corporations organized under general law, the rules governing corporations organized under general law have no application where the special statutes provide the methods for the regulation and control of said corporations. Chicago B. & Q. R. Co. v. Doyle, 258 Ill. 624, 102 N.E. 260, Ann. Cas.1914B, 385; State ex rel. Equality Sav. & Bldg. Ass'n v. Brown, 334 Mo. 781, 68 S.W.2d 55; State ex rel. Cascade Bank v. Yoder, 39 Mont. 202, 103 P. 499; Annotation in 108 A.L.R. 59, 70; 13 Amr.Jur. 228, § 85.

We, therefore, hold that the trial court erred in overruling appellant's plea of privilege, and the order so overruling the plea of privilege is reversed and the cause remanded with instructions that it be transferred to the District Court of Harris County.

Reversed and remanded with instructions.

On Motions for Rehearing and to Certify.

■ By its motion for a rehearing, the State insists that it brought its suit under Art. 881a—14 and Art. 1380 only. We held that the allegations of fact are sufficient to authorize the suit under Art. 881a—13, 881a—14, and 881a—16. We still maintain that view, and that the venue of such suit is fixed by Art. 881a—13 in Harris County, the domicile of appellant. We further held that Art. 1380 is not applicable, because Art. 881a—16 provides that the methods prescribed for forfeiture of building and loan association charters, for acts done under the law relating to them, shall not be "accomplished except as above provided"; that is, under the provisions of the Building & Loan Association Act, Art. 881a—1 et seq. We still maintain that view.

With these statements the motions for rehearing and to certify are overruled.

Overruled.